## Mahan and Others *v.* Sherman, for the Use of the Wabash and Erie Packet Boat Company.

Suit by *A.*, for the use of a certain Packet Boat Company, against *B.* and *C.* on a promissory note payable to the plaintiff for the use of said company. *B.* pleaded in bar that he and the plaintiff were, at the time of making the note, and still were, partners in said company; that the plaintiff held the note in trust for said company; and that the consideration of the note was certain canal-boats, &c., purchased by the defendants of the company. *Held*, that the plea was bad.

But had the note been payable to the company, a suit on it by the company could not have been sustained; for *B.* being one of the company, the same person would then have been both plaintiff and defendant.

A verbal contract, made at the time a promissory note is executed, varying the terms of the note, cannot be set up to defeat a suit on the note.

If a plea profess to answer the whole declaration and answer only a part, it is bad on general demurrer.

Where a cause has been tried by the Court instead of a jury, the record should show that the cause was submitted to the Court by the parties.

ERROR to the *Huntington* Circuit Court.

BLACKFORD, J.—Assumpsit brought by *Sherman*, for the use of the *Wabash* and *Erie Packet Boat Company*, against *Samuel Mahan, Francis Comparet*, and *Lewis G. Thompson*. The first count is on a promissory note executed by the defendants, and payable to the plaintiff and one *Stephen Cole* since deceased, for the use of the *Wabash* and *Erie Packet Boat Company*. The note was for the sum of 2,619 dollars, was dated on the 25th of *February*, 1841, and payable on the 1st of *December*, 1843. The second count is for money had and received.

*Thompson*, on whom the process had been duly served, did not appear, and judgment by default was rendered against him.

*Mahan* pleaded the general issue, and the following special pleas: First, *actio non*, because he says that he and the plaintiff were, at the time of making the note, and still are, partners in said company; that *Sherman* holds the note in trust for said company; and that the consideration of the note was certain canal-boats, &c., purchased by the defendants of said company. Second, *actio non*, because he says, that at the time the note was given, it was agreed by this defendant, the said company, and the plaintiff who was a partner of said company, that an account for work, &c., which this defendant held against said company, amounting to 3,000 dollars, should, before the note became due, be adjusted by this defendant and said company, and the amount due this defendant thereon be applied in part or full payment of the note; that it was further agreed by this defendant and said company, that suit should not be brought on said note till after said settlement; and that this defendant, on, &c., in 1841, requested said company and the plaintiff to make said settlement, but they refused, &c. General demurrers to these special pleas, and judgment for the plaintiff.

The defendant, *Comparet*, pleaded as follows: *Actio non*, because he says that at the time the note was made, the said company, and the plaintiff as a partner thereof, were indebted to said *Mahan* for work, &c., done for said company; that it was then agreed by *Mahan* and said company that they would ascertain the amount of said indebtedness before the note fell due, and that the same when ascertained should

May Term,
1845.

MAHAN
v.
SHERMAN.

Thursday,
May 29.

be applied by said company as a payment or in discharge of the note; that the company, on such settlement, would have owed *Mahan*, and do owe him, 3,000 dollars; that on the faith of said agreement, this defendant executed the note; that defendant has released to *Mahan* all his, defendant's, interest in the goods which the defendants purchased of said company, and for which the note was given; that *Mahan*, in consideration thereof, agreed to indemnify this defendant against the payment of the note; that the company have refused to make said settlement; and that the plaintiff and the company and *Mahan* have combined to defraud this defendant, &c. General demurrer to this plea, and judgment for the plaintiff.

The record states that a jury in this behalf being waived, the cause was submitted to the Court for trial of the issue in fact, and for the assessment of damages. The Court gave final judgment for the plaintiff.

The first special plea of *Mahan* is bad. It must be presumed, the plea not showing the contrary, that the note was made to the plaintiff at the request of the company from whom the goods were bought, and for which the note was given. Had the note been payable to the company, a suit on it by the company could not have been sustained; for said defendant being one of the company, the same person would then have been both plaintiff and defendant; but as the note is payable—not to the company, but to *Sherman*, that doctrine does not apply. *Mainwaring et al.* v. *Newman*, 2 Bos. & Pull. 120.——*Bosanquet et al.* v. *Wray et al.* 6 Taunt. 597.——Cary on Part. 92.——Collyer on Part. 383. That the note was expressed to be for the use of the company is not material, the legal title to it being in the plaintiff.

The second special plea of *Mahan* and the plea of *Comparet* cannot be sustained. They set up a verbal contract, *made at the time the note was executed*, varying the terms of the note. The note is for the payment of a certain sum on a specified day. A verbal contract, cotemporaneous with the note, is relied on to show that the note was not to be paid, till a certain account should be adjusted and the amount credited on the note. That would be making the promise conditional, which, upon its face, is absolute.

In a suit against the acceptor of a bill of exchange, the de-

fendant was not permitted to prove that the bill was given under a verbal understanding, that the plaintiff was not to demand payment of it, if he could reimburse himself out of other funds. The chief justice in that case says: "There is in this case no condition apparent on the face of the bill; and no rule of law is better established, than that a party shall not be permitted to add a verbal or oral condition, in order to control the legal effect of a written instrument. In an action on a bill or note, the defendant is not allowed to give evidence that the bill or note should be renewed, or that payment should not be demanded when the instrument becomes due; for there would be no use in reducing an agreement to writing, if it is thus to be varied by a parol understanding." *Campbell* v. *Hodgson*, 1 Gow, 74. So, where a note was, on its face, payable on demand, it was held that oral evidence of an agreement, entered into when the note was made, that it should not be payable until a given event happened, was not admissible. *Moseley* v. *Hanford*, 10 Barn. & Cress. 729. So, it is decided, that, in a suit by the payee against the maker of a note, the defendant cannot prove that when the note was given there was a parol agreement that, on his giving a deed of certain real estate, the note should be given up. *Spring* v. *Lovett*, 11 Pick. 417. The principle of these cases is, and it applies to the one before us, that a verbal condition, inconsistent with the bill or note, cannot be engrafted upon it (1).

But there is another fatal defect in all the special pleas. They profess to answer the whole declaration, but none of them attempts to do more than answer the count on the note.

The demurrers to the special pleas were, therefore, correctly sustained. There is an error, however, relative to the finding of the Court. One of the counts is for money had and received; one of the defendants pleaded the general issue; and another defendant, *Thompson*, does not appear to have assented to the submission of the cause to the Court, instead of a jury.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. H. Colerick* and *J. G. Walpole*, for the plaintiffs.

*W. H. Coombs*, for the defendant.

.May Term,
1845.

(1) But at a time *subsequent* to that of making a written contract not under seal, and not required to be in writing, the parties before breach of it may, by a verbal contract, either altogether waive, dissolve, or annul the former agreement, or in any manner add to, or subtract from, or vary or qualify the terms of it, and thus make a *new contract*, which is to be proved, partly by the written agreement, and partly by the subsequent verbal terms engrafted upon what will be thus left of the written agreement. *Goss* v. *Lord Nugent*, 5 Barn. & Adol. 58.

If the agreement is under seal, it cannot be subsequently altered by any contract which is not under seal. *Thompson* v. *Brown*, 7 Taunt. 656.—*Smith* v. *Addleman*, ante, p. 119.

Where the law requires the contract to be in writing, as if the contract be for the purchase of land, (which, by the statute of frauds, must be in writing,) the terms of such contract cannot be varied by a subsequent verbal agreement. *Goss* v. *Lord Nugent, supra.*