<div style="float:left">May Term, 1851.

CALHOUN
v.
DAVIS.</div>

---

## CALHOUN v. DAVIS.

A verbal contract made at the time a promissory note is executed, varying the terms of the note, cannot be set up to defeat a suit on the note.

One party to an executed contract cannot rescind it without restoring the other party to his original situation.

<div style="float:left">Thursday,
May 29.</div>

ERROR to the *Laporte* Circuit Court.

SMITH, J.—Debt by the plaintiff in error against the de-

fendant in error. The first count is a promissory note

made by the defendant to one *Castell*, and assigned by the latter to the plaintiff. The note was for the payment of 400 dollars on or before the 1st day of *February*, 1841. The second count is for money had and received.

The defendant pleaded, *inter alia*, that at the time the note mentioned in the declaration was given, and as part of the same transaction, the said *Castell* sold to the defendant a certain tract of land in *Porter* county, on which there was a mortgage in favor of one *Benton*, and for the foreclosure of which a decree had been rendered by the *Porter* Circuit Court. The defendant averred that, as part of the same contract, *Castell* agreed that he would have the sale of said property on said mortgage stayed until the first day of *September*, 1840, and that in case the sale should be made before said day, *Castell* should forfeit the sum of money in said note specified. The defendant further averred that *Castell* did not cause the sale to be suspended or delayed until the 1st day of *September*, 1840, but, on the contrary, said property was advertised and sold on said decree long before said day, whereby said sum of money was forfeited and was no longer collectable.

The plaintiff replied to this plea, that in consideration of the sale to him of the tract of land in the plea mentioned, the defendant executed the note described in the declaration, and in addition to the sum therein mentioned, agreed to pay and satisfy said mortgage; that at the request of the defendant, and to afford him time to procure the money to satisfy the decree, the agreement mentioned in the plea was made, and in pursuance thereof the said *Castell* did make such an arrangement with the said *Benton* through one *Ogden*, who was the sole agent of *Benton* in that behalf, that the said *Benton*, by his said agent, instructed *Harlow S. Orton*, his attorney in the *Porter* Circuit Court, to suspend all further proceedings in relation to the sale of said land until the 1st day of *September*, 1840, according to the arrangement of *Castell* with the defendant, of all which the defendant had notice. The

plaintiff avers that after the sale had been thus suspended, the defendant, well knowing the premises, and without the knowledge of *Benton*, *Ogden*, or *Castell*, fraudulently procured the said *Harlow S. Orton* to disregard the instructions of his client and to cause a sale to be made under the decree before the 1st of *September*, 1840, at which sale the defendant himself became the purchaser.

A special demurrer was filed to this replication, and judgment was rendered thereon for the defendant. The sustaining of the demurrer is the error assigned.

Before looking at the replication, it is proper that we should examine the plea. The defence it sets up is that the note was not to be payable, unless the payee should cause the sale, under a decree which had been previously rendered, of a tract of land, purchased by the payor at the time the note was given, to be suspended until a certain day, and that the sale was not so suspended. It is not alleged that the defendant has received no consideration for the note, but a verbal cotemporaneous agreement that the note was only to be payable on a contingency, or on the performance of a condition by the plaintiff, is relied upon. It has been frequently decided that such a defence cannot be set up against a note drawn payable without condition. *Mahan* v. *Sherman*, 7 Blackf. 378.—*Harvey* v. *Laflin*, at this term (1).

If in the contract for the sale of the land to the defendant, *Castell* agreed to cause a sale under the decree previously rendered to be suspended until a certain day, and failed to do so, his failure to perform all the conditions required of him might, if the conditions could be proved, have entitled the defendant to rescind the contract. But to do this he should have reconveyed the land and placed the vendor in his original situation. If, notwithstanding, he chose to keep the land, and hold the vendor to his contract, the failure of the latter to perform a collateral agreement such as that mentioned in the plea, would not show a want or failure of the consideration of a note given for the purchase-money. *Buel* v. *Tate*, 7 Blackf. 55. We think, therefore, the plea is bad.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. L. Jernegan,* for the plaintiff.

(1) See *ante,* p. 477.