BURNS and Another *v.* JENKINS and Another.

A suit on a promissory note cannot be defeated by showing a contemporaneous verbal agreement varying the terms of the note.

APPEAL from the *Boone* Court of Common Pleas.

*Thursday, January 8, 1857.*

DAVISON, J.—*Jenkins* and *Smith*, the appellees, who were the plaintiffs, brought their action against *Burns* and *Patten*, who were the defendants, upon a promissory note for the payment of 261 dollars. The note bears date, *December* the 13th, 1854, and was executed to one *Moses Hall*, who assigned it to the plaintiffs. The defendants, in their answer, allege—1. That *Hall*, the payee, at the time the note was given, agreed with them that when it became due, he would take and receive in payment thereof, "*Indiana* State stock money;" and that when the note became due, viz., on the first of *January*, 1855, they offered to pay and tendered to him 261 dollars, in satisfaction of the note, which he refused to accept; and that the defendants, at all times since the last named date, have been and still are ready to pay the same in "*Indiana* State stock money," which they now bring into Court, &c.; and further, when the note was assigned to the plaintiffs, they also agreed with the defendants to receive in payment "*Indiana* State stock money," &c. 2. That the defendants gave the note for a lot of hogs purchased by them of the said *Moses Hall* and the plaintiffs, who were the joint owners of the hogs sold, and that *Hall* and the plaintiffs, at the time of the sale, agreed with the defendants that they would receive from them the amount of the note in "*Indiana* State stock money", at par; and the defendants aver that *Hall* and the plaintiffs are now the joint owners of the note; but they, falsely, &c., confederating, &c., with intent to cheat the defendants, and compel them to pay in money other than "State stock money," agreed among themselves that *Hall* should assign the note to the plaintiffs, which has been done so that he might be made a wit-

VOL. VIII.—27.

Nov. Term, 1856.

ness on their behalf, when in truth, &c., said *Hall* and the plaintiffs, at the time of the making of the note, were, and still are, joint owners thereof, &c.

There was a demurrer sustained to the answer, and judgment given for the plaintiffs.

This Court has repeatedly decided that a suit on a promissory note cannot be defeated by showing a contemporaneous verbal agreement varying the terms of the note. 1 Blackf. 191, and note.—5 *id.* 18, 273.—6 *id.* 183, 509.—7 *id.* 378, 432.—5 Ind. R. 184 (1). These authorities at once decide the answer before us to be insufficient. The note in suit was an engagement to pay money; hence, a verbal agreement made when it was executed to pay the note in "*Indiana* State stock money," which is not money, varies its terms, and cannot, therefore, be set up in bar of the action. The appellant raises various other objections to the action of the Court, but none of them appear to be founded upon an exception to its rulings, and they are not properly before us.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*O. S. Hamilton*, for the appellants.

*A. J. Boone* and *H. Shannon*, for the appellees.

(1) See, also, *McClure* v. *Jeffrey*, ante, 79; *Hiatt* v. *Simpson*, ante, 256.