## POTTER *v.* EARNEST.

PLEADING.—Facts averred in one paragraph of a pleading cannot be adopted. and made a part of another paragraph by reference; such facts must be set out by averments.

PROMISSORY NOTE.— *Verbal Condition.*—A verbal condition cannot be annexed to a promissory note.

CONSIDERATION.—*Bastardy.*—If a promissory note be made to the mother of a bastard child for the support of the child, under a state of facts consti- tuting a valid consideration for the note, the death of the child afterward will not defeat the collection of the note· on the ground of a partial failure of the consideration.

SAME.—*Bastardy.*—To a suit upon a promissory note, an answer by the

maker, that the payee claimed to be pregnant with a bastard child by the son of the maker, and relying upon such statements he made the note for the sole purpose of maintaining the child, and this was the only consideration, shows that the note was given without consideration, and the answer is good on demurrer.

From the Wayne Common Pleas.

*T. J. Study*, for appellant.

*G. Holland* and *C. C. Binkley*, for appellee.

Osborn, J.—The appellee instituted an action against the appellant upon a promissory note for one hundred and fifty dollars made by the latter to Mary E. Venard, which had been endorsed to him.

The appellant answered, 1st. The general denial; 2d. That the payee of the note claimed to be pregnant with a bastard child, and that the son of the appellant was the father of the child; that relying upon the statement that she was so pregnant by his son, for the sole purpose of providing for the maintenance, support, and education of the child, when the same should be born, he executed the note with four others, amounting in the aggregate to six hundred and fifty dollars, of which sum he alleges that he has paid two hundred and fifty dollars; that the child died ten days after it was born; and that the sum of two hundred and fifty dollars already paid far exceeded the whole amount of expense incurred in and about the maintenance, support, care, and attention given to the child. It is averred that the notes were given exclusively for the purpose of securing the support and education of the bastard child and for no other purpose or consideration.

The third paragraph adopts and makes the whole of the second a part of it and alleges in addition, that at the time of the execution of the notes, it was expressly agreed between him and the payee that if the child should be born dead, or should die within a short time after being born, and should not occasion much expense and trouble, he should be required to pay only three hundred dollars. It

is alleged that he has already paid two hundred and fifty dollars and offers to confess judgment for the remainder of the three hundred dollars and the costs of the action and reasonable attorney's fees. It is then averred that the child lived only ten days and was but little expense and trouble.

Separate demurrers were filed and sustained to the second and third paragraphs of the answer, to which exceptions were taken. The cause was tried by the court, who found for the appellee and rendered final judgment on the finding for the amount of the note, with interest and costs.

The only error assigned is in sustaining the demurrers to the second and third paragraphs of the answer.

The third paragraph of the answer was clearly bad. It contains no allegation concerning the consideration for which the note was given. It was not sufficient to adopt the averments in the second. The facts could only become a part of the paragraph by setting them out by averments. *Mason* v. *Weston,* 29 Ind. 561; *Day* v. *Vallette,* 25 Ind. 42; *Leabo* v. *Detrick,* 18 Ind. 414. A verbal condition cannot be annexed to a promissory note. *Swank* v. *Nichols' Adm'r,* 24 Ind. 199; *Dayhuff* v. *Dayhuff's Adm'r,* 27 Ind. 158; *Mahan* v. *Sherman,* 7 Blackf. 378; *Harvey* v. *Laflin,* 2 Ind. 477; *M'Clintic's Adm'r* v. *Cory,* 22 Ind. 170; *Hiatt* v. *Simpson,* 8 Ind. 256.

The manner in which the facts are alleged in the second paragraph was calculated to create the impression that the appellant pleaded them as a partial, and not as a total failure of the consideration of the note. If there was a valid consideration for the note when it was given, we do not think the death of the child as alleged in the answer would defeat the collection of the note, on the ground of a partial failure of consideration. It was a risk assumed by the payee. No one could tell how long the child might need care, or how much it would cost to maintain and educate it. The amount of the several notes given was the sum which the appellant agreed to give for those purposes.

The appellant, however, insists that the notes were given

without any consideration whatever, and that the facts alleged in the answer show it.

The allegations in the answer are, that the payee claimed to be pregnant with a bastard child by the son of the appellant; that relying upon the truth of her statement, he gave the notes for the sole purpose of providing for the maintenance, support, and education of the child, and that was the sole purpose and consideration of the notes. According to the averments, he had no purpose to and did not settle any claim of the payee against his son. Her right to prosecute under the bastardy act was in no manner compromised, settled, or postponed. It was a naked gratuity on the part of the appellant to furnish the amount to her for the education, maintenance, and support of the natural child of his son. He was under no legal obligations to aid in its support. He gained nothing, and she lost nothing, by the transaction. She neither surrendered nor postponed her claim or right to prosecute the alleged father of the child.

In *Harter* v. *Johnson*, 16 Ind. 271, it was held that a note given by the father of the bastard child, in consideration of the promise of the mother not to prosecute, was valid and collectible. In *Garriott's Ex'r* v. *Abbott*, 28 Ind. 9, it was held that a note given to procure the release of his son, then under arrest, under a prosecution for bastardy, and a dismissal of the proceedings by the mother, and her satisfaction as provided by statute, was valid; and in *Abshire* v. *Mather*, 27 Ind. 381, it was held that an agreement not to institute a prosecution for bastardy was a good consideration for a promise to pay a sum of money by one charged with being the father of a bastard child.

Those cases do not support the position of the appellee, because the notes mentioned in the answer, including the one in suit, were not given to prevent a prosecution or to release the father of the child, or in settlement of a claim against the father. It would have been no defence to the notes that the payee had, after their execution, commenced proceedings against the son of the appellant under the

bastardy act. Neither would the execution or the payment of the notes avail the father of the child as a defence in such prosecution.

The giving of the notes·being only a gratuity on the part of the appellant, the second paragraph of the answer was good, and the demurrer to it should have been overruled.

Promises which are wholly gratuitous are void for want of consideration; for however obligatory they may be in morals or in honor, inasmuch as they are not founded upon any injury or privation to the promisee or any benefit to the promisor, they are not regarded by the law as legal and valuable considerations. Story Con., sec. 453; *Mills* v. *Wyman*, 3 Pick. 207; *Thorne* v. *Deas*, 4 Johns. 84; Chitty Con. 51–2; *Leonard* v. *Vredenburgh*, 8 Johns. 29, 30; *Tenney* v. *Prince*, 4 Pick. 385–7; *Schnell* v. *Nell*, 17 Ind. 29–32; *Hill* v. *Buckminster*, 5 Pick. 391; *Fink* v. *Cox*, 18 Johns. 145; *Bingham* v. *Kimball*, 17 Ind. 396.

In *Hill* v. *Buckminster*, *supra*, the note was given by the maker to his sister in consideration that her father had bequeathed to her a smaller portion of his estate than to the maker, and it was held void for the want of consideration. In *Fink* v. *Cox*, *supra*, it was held that a note given by a father to his son intending it as a gift, because he was not so wealthy as his brothers, and had met with losses, was not a valid claim against the estate of the maker. The court, on page 149, says that no action can be sustained on an executory contract, unless the consideration for the promise is a valuable one for the benefit of the promisor or to the trouble, loss, or prejudice of the promisee.

The judgment of the said Wayne Common Pleas is reversed, with costs. The cause is remanded, with instructions to the court below to overrule the demurrer to the second paragraph of the answer, and for further proceedings in accordance with this opinion.