McDonald *v.* Elfes, Administrator.

———◆———

## McDonald *v.* Elfes, Administrator.

61 279
124 236
61 279
134 42

PROMISSORY NOTE.— *Parol Agreement Contradicting.* — A contemporaneous parol agreement, that a promissory note stipulating for the payment of a certain sum, to a certain person, at a specified time, should never be paid, but should be applied on a debt due from a third person to the maker, is no defence to an action on such note.

BILL OF EXCEPTIONS.—*Evidence.*—*Testimony.*—A statement in a bill of exceptions purporting to contain the evidence given on a trial, that the same contains all the "testimony" given, is not equivalent to a statement that it contains all the evidence.

From the Warren Circuit Court.

McDonald v. Elfes, Administrator.

J. E. McDonald, J. M. Butler, F. B. McDonald, G. C. Butler, S. H. Buskirk and J. W. Nichol, for appellant

M. Milford, for appellee.

Howk, J.—In this action the appellee, as plaintiff, sued the appellant, as defendant, in the Fountain Circuit Court, to recover the amount alleged to be due upon a promissory note, of which the following is a copy:

"$919.55.        ATTICA, IND., November 5th, 1869.

" One day after date, I promise to pay to the order of Mrs. Mary McDonald nine hundred dollars, at 10 per cent. per annum interest, payable semi-annually, value received, without any relief from valuation or appraisement laws.        (Signed,)        JAMES McDONALD."

On the appellant's application, on affidavit filed, the venue of the action was changed to the court below.

The appellant's demurrer to the appellee's complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was overruled by the court below, and to this decision the appellant excepted.

The appellant then answered in four paragraphs, in substance as follows:

1. Payment in full to appellee's intestate, in her lifetime;

2. Set-off;

3. A general denial; and,

4. By way of set-off, the appellant said, that one Daniel J. McDonald, who was the husband of the appellee's intestate, died intestate on the — day of ——, 186–, leaving the said Mary McDonald his widow and only heir at law; that, at the death of said Daniel J. McDonald, he was indebted to the appellant in about the sum of $——, as evidenced by the several promissory notes executed by said Daniel J. McDonald to W. D. Kerr & Co. of Attica, Fountain county, Indiana, and assigned by said W. D. Kerr & Co. to the appellant, before the commencement of this suit, and prior to the execution of the note sued on in this action, copies of which notes were filed

with and made parts of said paragraph of answer; that the said Daniel J. McDonald was indebted to the appellant in the further sum of one thousand two hundred and seventy-eight dollars on account, as set forth in a bill of particulars filed with and made part of said paragraph, which said indebtedness was then, and ever since had been, due, and constituted the entire indebtedness of the estate of said Daniel J. McDonald, deceased; that, upon the death of said Daniel J. McDonald, the said notes and account were unpaid by him, and had not, nor had any portion thereof, been paid since his death by his heirs or representatives; that, after the death of said Daniel J. McDonald, the said Mary McDonald, as his widow and only heir at law, took into her possession the entire estate of said Daniel J. McDonald, consisting of a large amount of real and personal property, of the value of about six thousand dollars or more, without any authority of law for so doing, and converted the same to her own use, and by so doing she became administrator of her own wrong; that the appellant admitted the execution of the note sued upon, but he said that, at the time he executed the same, it was done with the distinct understanding and agreement with the said Mary McDonald, that, in consideration of the fact that no letters of administration had been taken out on the estate of the said Daniel J. McDonald, by the said Mary, and in consideration of the fact that the property of said Daniel J. McDonald had all been converted by said Mary to her own use, and in consideration of the further fact that the said appellant then held the said three several promissory notes and account mentioned in said paragraph of answer, which were then wholly unpaid, the note in suit was never to be paid by the appellant, but was at some future date to be applied to the cancellation of an equal amount of the indebtedness of said Daniel J. McDonald to the appellant; that the entire consideration of the note sued upon in this action was assets of the estate of

said Daniel J. McDonald which had been converted as aforesaid, to her own use by the said Mary McDonald, and of right ought to have been applied by her to the payment of the debts of the estate of said Daniel J. McDonald. Wherefore the appellant prayed the court for the following relief:

1st. That as much of the indebtedness aforesaid of said Daniel J. McDonald to the appellant be set off against the note in suit in this action, as will satisfy the same; or,

2d. That the said note sued on in this action be decreed satisfied and fully paid, and that the same be delivered up by the appellee for cancellation, and all other proper relief.

The appellee demurred to the fourth paragraph of the appellant's answer, for the alleged insufficiency of the facts therein to constitute a defence to appellee's action, which demurrer was sustained by the court below, and to this decision the appellant excepted.

The appellee replied by a general denial to the first and second paragraphs of the appellant's answer.

The issues joined were tried by the court without a jury, and a finding made for the appellee, in the sum of three hundred and ninety-nine dollars and twenty-eight cents, and on this finding judgment was rendered for the appellee for said sum and costs.

On written causes filed, the appellant moved the court below for a new trial, which motion was overruled, and to this ruling the appellant excepted, and appealed to this court.

The appellant has assigned as errors in this court the following decisions of the court below:

1. In overruling his demurrer to appellee's complaint;

2. In sustaining the appellee's demurrer to the fourth paragraph of the appellant's answer; and,

3. In overruling the appellant's motion for a new trial.

1. "Upon the first error assigned," the appellant's

counsel say, in their brief of this cause in this court, "we make no point." This alleged error, if it exists, we therefore regard as expressly waived.

2. The second alleged error presents for our consideration the question of the sufficiency of the facts stated in the fourth paragraph of the appellant's answer to constitute a defence to the appellee's action.

We have given a full statement of the facts alleged by the appellant in the fourth paragraph of his answer; and it will be readily seen therefrom, that the gist of the defence, intended and attempted to be set up therein and thereby, was, that the note in suit, although payable by its express terms, absolutely and unconditionally, one day after the date thereof, under and by virtue of a parol agreement and understanding between the appellant, as the maker thereof, and the payee, Mary McDonald, was, in fact, never to be paid by the appellant, but was at some future date to be applied to the cancellation of an equal amount of the indebtedness of said Daniel J. McDonald to the appellant. The question for decision is this: Could the absolute and unconditional promise of the appellant, in the note sued on, to pay a sum certain, on a day specified, to a person named, be varied or defeated by a parol contemporaneous agreement or understanding between the maker and payee of said note, that it should never be paid? It seems to us, that this is not an open question in this State; for it is well settled by numerous decisions of this court, that a written contract or promise can not be controlled nor defeated by a contemporaneous verbal contract or agreement. *Mahan v. Sherman*, 7 Blackf. 378; *Jacobs v. Finkel*, 7 Blackf. 432; *Harvey v. Laflin*, 2 Ind. 477; *Calhoun v. Davis*, 2 Ind. 532; *Burns v. Jenkins*, 8 Ind. 417; *Hiatt v. Simpson*, 8 Ind. 256; *Madison, etc., Plank Road Co. v. Stevens*, 10 Ind. 1; and *Potter v. Earnest*, 45 Ind. 416.

In the light of these authorities and others of like tenor and purport to be found in our Reports, it is clear,

we think, that the matters alleged in the fourth paragraph of the appellant's answer were wholly insufficient to constitute a defence to appellee's action; and, therefore, we hold that no error was committed by the court below in sustaining the appellee's demurrer to said paragraph of answer.

3. The third error assigned by the appellant is the decision of the court below in overruling his motion for a new trial of this action. The causes assigned in said motion for such new trial were as follows:

" *First.* For error in the assessment of the amount of recovery, the same being too large; and,

" *Second.* That the decision is not sustained by sufficient evidence."

We can not consider the questions presented, or intended to be presented, by this alleged error, for the reason that the record does not properly contain all the evidence introduced on the trial of this cause. The bill of exceptions in the record concluded with these words: " The above is all of the testimony introduced on trial in the above entitled cause." " Testimony " is not the proper word to be used in that connection. Testimony is the statement or declaration of a witness; it is merely a species or class of " evidence," which latter word is the proper one to be used in the conclusion of a bill of exceptions, which contains the evidence introduced on the trial of a cause. For evidence includes all testimony, while testimony does not include all evidence. Where, as in this case, the bill of exceptions concludes with the words, " The above was all the testimony introduced on the trial of the above entitled cause," it must affirmatively and clearly appear on the face of the bill, that no other species, class or kind of evidence except testimony was introduced on the trial of the cause, or it will be held that the bill of exceptions is insufficient. In the case at bar, it affirmatively appears, that written or documentary evidence was introduced on the trial, which evidence is

not set out nor contained in the bill of exceptions; nor is it included within the meaning of the word " testimony," and, therefore, the bill does not purport to contain all the evidence. *The Gazette Printing Company* v. *Morss*, 60 Ind. 153.

We find no error in the record of this cause of which the appellant can be heard to complain in this court.

The judgment is affirmed, at the appellant's costs.

Petition for a rehearing overruled.