GODFREY ET AL. *v.* WILSON ET AL.

Life Insurance.—*Complaint on Policy by Beneficiary, Against Company and Assignees of Policy.—Estoppel.—*In an action by a widow, on a life insurance policy, issued on the life of her husband, for her benefit, against the company which had issued the policy, certain persons were made codefendants, and the complaint alleged that they had possession of, and claimed some interest in, said policy. The prayer of the complaint, as against them, was, that they be compelled to produce the policy and assert their claim, or be forever estopped.

*Held,* on demurrer by the individual defendants, that the complaint was sufficient.

Same.—*Assignment of Policy by Married Woman.—Plea of Coverture.—*Such individual defendants having answered by way of cross complaint, setting up a written assignment of the policy, by the plaintiff and her husband, to them, to secure them for money loaned to her by them, and promising repayment, her plea of coverture at the time of the execution of such assignment was a sufficient answer to the cross complaint.

Agreed Case.—*Affidavit.—Practice.—*An agreed statement of facts, unsupported by the affidavit required by section 886 of the practice act, is not an agreed case under that section.

From the Washington Circuit Court.

*A. B. Collins,* for appellants.

*S. B. Voyles* and *H. Morris,* for appellees.

Howk, J.—In this action, the appellee Sarah Wilson, as sole plaintiff, sued the Connecticut Mutual Life Insurance Company and the appellants, Godfrey and Calloway, as defendants, upon a policy of life insurance executed by said Insurance Company, upon the life of James B.

Wilson, and payable to his wife, the appellee Sarah Wilson. In her complaint, the appellee Sarah Wilson alleged, in substance, that the Connecticut Mutual Life Insurance Company was a corporation, and had been organized as such, and carrying on business in its corporate name, for more than fifteen years before the commencement of this suit; that during the year 1866, and since, the said company carried on, in this State, the business of life insurance; and that, on the — day of ——, 1866, the said company contracted and agreed with James B. Wilson, then of Washington county, Indiana, to insure his life for the sum of $3,000.00, payable to his wife, the appellee Sarah Wilson, at the expiration of ninety days after due and satisfactory proof of the death of said James B. Wilson, provided certain sums or premiums were paid and certain conditions not broken, upon which contract the said insurance company issued and delivered the said policy of insurance for said sum of $3,000.00 ; that thereafter the said James B. Wilson paid or caused to be paid the said sums and premiums for which he was liable, and, while the said policy was in the possession and control of said James B. Wilson, he made some pretended pledge or assignment thereof or thereon to the appellants, Godfrey and Calloway, who then had said policy under their control, for which reason the plaintiff below could not furnish an exact copy thereof; that the appellee Sarah Wilson was at all times a married woman, from the time of the issuance of said policy until her said husband, James B. Wilson, died intestate, at Salem, Indiana, on the 28th day of November, 1878 ; that the appellants pretended to have some claim upon or interest in said policy, but that they were not of kin to said James B. Wilson, nor was he indebted to them, nor had they any interest in his life or in the continuance thereof. The appellee Sarah Wilson asked that the appellants produce said policy in open court,

with their claim thereto, or be forever estopped; that whatever claim they asserted to said policy was under an executory contract, based upon speculation, which she was incapable of making by reason of her coverture, and that the assignment thereof was therefore void; that said insurance company had received due and satisfactory notice and proof of the death of said James B. Wilson, as required by said policy, more than ninety days before this suit was commenced; that the appellee Sarah Wilson was the sole beneficiary in said policy, and that the whole amount thereof was due and unpaid. Wherefore, etc.

On the application of the plaintiff below, a change of judge was granted, and, with the written consent of the parties, the Hon. Simeon K. Wolf, of New Albany, Indiana, was appointed as special judge of the court, to hear and determine this cause.

With the consent and agreement of the other parties to the suit, in open court, the ·defendant, the Connecticut Mutual Life Insurance Co., paid to the clerk of the court, as a special trustee to receive and hold until the further order of the court, the sum of $2,815.10, which was admitted to be the amount due and owing under the policy of insurance mentioned in the complaint; and the rights and claims of the plaintiff and of the appellants were transferred to said fund so paid into court, and they were ordered and directed, by complaint and answer to set up their respective claims thereto.

The appellants' demurrer to the complaint, for the want of sufficient facts therein to constitute a cause of action against them, was overruled by the court, and to this decision they excepted. They then filed their answer and cross complaint. In their answer, they substantially admitted the material allegations of the complaint. In their cross complaint, the appellants claimed that they were the

exclusive owners of the policy of insurance mentioned in the complaint, and of the money due thereunder and evidenced thereby, under and by virtue of a written assignment thereof, executed by the appellee Sarah Wilson and her husband, James B. Wilson, in his lifetime, of which assignment the following is a copy :

" For value received, and in consideration of the sum of one dollar, we, James B. Wilson and Sarah Wilson, his wife, hereby assign and transfer unto James Godfrey and John H. Calloway all the right, title and interest of said Sarah Wilson in and to this policy of insurance, being No. 52,160, in the Connecticut Mutual Life Insurance Company, of Hartford, Connecticut, on the life of said James B. Wilson. This assignment is made to secure the said James Godfrey in the payment of the sum of one thousand and fifty dollars ($1,050), and said John H. Calloway in the sum of five hundred and fifty dollars ($550) ; both of which sums have this day been loaned by said assignees, respectively, to said Sarah Wilson, to enable her to pay for and improve her following described real estate : Lot number 130, town of Salem, Washington county, Indiana; which sums are to be devoted to that purpose, and are to be paid without relief from valuation and appraisement laws, and with ten per centum interest from date. Witness our hands, this the 1st day of March, 1872.

(Signed,)      " JAMES B. WILSON,
" In presence of A. B. Collins.      " SARAH WILSON."

The appellants alleged, in their cross complaint, that the sums of money specified in the said written assignment of said policy, with the interest accrued thereon, were due and owing them respectively.

To the appellants' cross complaint, the appellee Sarah Wilson answered in two paragraphs, in substance, as follows :

1. A general denial ;

2. For a further answer to said cross complaint, said appellee alleged, that, at the time of said assignment and transfer of said policy to the appellants, and continuously thereafter until the death of said James B. Wilson, she was his wife; that all the premiums upon said policy were paid by said James B. Wilson; that on said 1st day of March, 1872, the said James B. Wilson was indebted to one Gayer Knight in the sum of $1,035.50, upon a note executed by said James B. Wilson on September 15th, 1870, and due eighteen months after date to said Knight; that said debt was created, and said note executed, in consideration of the purchase from, and conveyance by, said Knight of certain real estate to said appellee Sarah Wilson, which purchase and conveyance were made and executed on September 15th, 1872, and which real estate she had ever since owned and held under said deed; and that, of the money received from the appellants, the sum of $1,035.50 was appropriated to the payment of said note; that, at the time of the transfer and assignment of said policy to the appellants, to wit, March 1st, 1872, they were not, nor was either of them, creditors of the said James B. Wilson, nor had they, nor either of them, any interest whatever in the life of said James B. Wilson, or in the continuance thereof, nor were they, nor either of them, of kin or related in any manner to said James B. Wilson, nor had they, nor either of them, any interest of any kind whatever, or advantage, pecuniary or otherwise, in the continuance of the life of said James B. Wilson; that no other or different contract or agreement was ever made or entered into for the assignment or transfer of said policy, or by which the same was assigned or transferred to the appellants, except that set out and contained in said written assignment, filed with the appellants' cross complaint.

To this second paragraph of answer, the appellants' demurrer, for the want of sufficient facts therein, was over-

ruled by the court, and to this ruling they excepted. They then replied, by a general denial, to said paragraph of answer.

The issues joined were tried by the court, upon a written agreement of the facts, and a finding was made for the appellee Sarah Wilson, for the full amount due under said policy and paid over to the clerk of the court by said insurance company, to which finding of the court the appellants excepted. Their motion for a new trial having been overruled, and their exception saved to this ruling, judgment was rendered by the court upon, and in accordance with, its finding.

In this court, the following decisions of the circuit court have been assigned as errors, by the appellants:

1. In overruling their demurrer to plaintiff's complaint;

2. In overruling their demurrer to the second paragraph of the plaintiff's answer to their cross complaint;

3. In finding for the appellee Sarah Wilson, and against them;

4. In finding for said appellee, and against them, upon the agreed statement of facts; and,

5. In overruling their motion for a new trial.

We will consider and decide the several questions presented by the appellants' counsel, and arising under these alleged errors, in the order of their assignment.

1. It seems to us, that the court committed no error in overruling the appellants' demurrer to the plaintiff's complaint. As we construe the allegations of her complaint, the appellee Sarah Wilson did not intend nor attempt therein to state a cause of action against the appellants. She stated a cause of action against the defendant, the Insurance Company, founded upon a policy of insurance issued by said defendant and payable to her; and she alleged, in her complaint, that the appellants pretended to

have some claim upon, or interest in, said policy of insurance, and she asked that they might be required to produce said policy and assert their claim thereto, or be forever estopped. There was no error in overruling the appellants' demurrer to such a complaint.

2. In their cross complaint, the appellants had grounded their right to the recovery of the money in controversy in this action, the proceeds of the policy of insurance issued and payable to the appellee Sarah Wilson, upon her written assignment to them of such policy of insurance, in the execution of which assignment her husband, James B. Wilson, had also joined. We have given elsewhere, in this opinion, a full summary of the facts alleged by the appellee Sarah Wilson, in the second paragraph of her answer to the appellants' cross complaint. It will be seen from this summary, that the gist of the defence relied upon by the appellee, in the second paragraph of her answer, was that the assignment evidenced a loan to her, by the appellants, of so much money, and her executory contract for the repayment of such money. without relief, etc., " and with ten per centum interest from date," and that at the time of the making of such contract, and continuously thereafter until the death of her said husband, she, the said Sarah Wilson, was a married woman. We think that the facts thus pleaded by the appellee Sarah Wilson, in the second paragraph of her answer, constituted a full and complete defence to the cause of action stated by the appellants in their cross complaint. The contract of the appellee Sarah Wilson, for the repayment by her of the sums of money loaned to her by the appellants, was executed by her and her husband, as we have seen, on the 1st day of March, 1872.

It cannot be doubted, we think, that the executory contract of the appellee Sarah Wilson, for the repayment of the sums of money loaned to her by the appellants,

with ten per cent. interest thereon from the date of such loans, was, under the facts stated and alleged in the second paragraph of her answer to the appellants' cross complaint, absolutely void at law and of no binding force. This contract, as we have seen, was counted upon by the appellants in their cross complaint, as constituting their cause of action against the appellee Sarah Wilson, and the basis of their title and claim to the sum of money in controversy in this action. It is certain, that, in the absence of a valid contract of assignment, executed to them by the beneficiary named in the policy of insurance, upon a sufficient and legal consideration, the appellants did not have any legal title or claim either to the policy or its proceeds; and it is equally certain, we think, that, under the facts stated in the second paragraph of the answer of the appellee Sarah Wilson, the contract executed by her and her husband to the appellants was invalid and void, and did not give them any title to the policy, or any claim upon or interest in its proceeds. At the time she executed such contract to and with the appellants, the second paragraph of her answer alleged that she was a married woman; and, as such, her contract was void and of no effect, under the recognized law of this State at the time such contract was made. *Thomas* v. *Passage*, 54 Ind. 106; *The American Ins. Co.* v. *Avery*, 60 Ind. 566; and *Williams* v. *Wilbur*, 67 Ind. 42.

We are of the opinion, therefore, that the court did not err in overruling the appellants' demurrer to the second paragraph of the answer of the appellee Sarah Wilson to their cross complaint. But, as this demurrer searched the record, and as the appellants' cross complaint. as it seems to us, did not state facts sufficient to constitute a cause of action against the appellee Sarah Wilson, or to show, as against her, any title to or interest in the policy 'of insurance or its proceeds, the demurrer to the second para-

graph of the answer should have been carried back and sustained to the cross complaint.

In the third and fourth alleged errors, the appellants evidently proceeded upon the theory, in their assignment thereof, that this case was an agreed case under the provisions of section 386 of the practice act. But it is certain, we think, that the case did not conform to the requirements of that section, in relation to agreed cases, at least in this, that it was not shown by affidavit that the controversy was real, and the proceedings in good faith to determine the rights of the parties. 2 R. S. 1876, p. 190.

Such an affidavit was necessary, in order to bring this case within the provisions of the code, and the usual practice, in regard to agreed cases. *Sharpe* v. *Sharpe's Adm'r*, 27 Ind. 507 ; and *Manchester* v. *Dodge*, 57 Ind. 584.

The third and fourth alleged errors, therefore, present no question for the decision of this court.

5. The last alleged error, complained of by the appellants, is the decision of the court in overruling their motion for a new trial. In this motion, the causes assigned for such new trial were, that the finding of the court was contrary to law, and that it was not sustained by sufficient evidence. The record shows that all the evidence given in the cause, on the trial thereof, consisted of an agreed statement of facts. The facts agreed to were, in substance, as follows :

"That, on the 1st day of February, 1866, the said insurance company executed the policy mentioned in plaintiff's complaint, and that the copy of said policy filed with the cross complaint of Godfrey and Calloway is full and correct; that, at the time of the execution of said policy of insurance, the said James B. Wilson and Sarah Wilson, therein named, were husband and wife ; that the said Sarah Wilson is the plaintiff herein ; that they remained husband

and wife continuously from the time of the execution of said policy until the death of said James B. Wilson; that the said James B. Wilson died at Salem, Indiana, on the 28th day of November, 1878; that the premiums accruing on said policy were kept promptly paid up by said James B. Wilson until his death; that on the 1st day of March, 1872, James Godfrey and John H. Calloway, defendants herein, delivered to said Sarah Wilson, in the presence of her husband and at his solicitation, the sum of $1,600 in cash, the said Godfrey delivering $1,050 thereof, and the said Calloway the sum of $550 thereof, and both said James B. Wilson and Sarah Wilson then and there agreed and promised to pay said Calloway and Godfrey said sum or sums; and, at the time aforesaid, the said Sarah Wilson and James B. Wilson assigned and delivered the said policy of insurance, as security for the payment of said sums, and executed on the day aforesaid the written assignment set out and made a part of defendants' cross complaint herein, which copy, we agree, is a correct copy of said assignment. And said policy was then and there delivered to said Godfrey and Calloway, and has ever since been held by them; that said assignment was executed by plaintiff and James B. Wilson, by signing the same at the time the same bears date; that no part of said $1,600 has ever been repaid to the said Godfrey and Calloway by the said plaintiff or the said James B. Wilson; that $1,035.50 of the money received from the defendants, Godfrey and Calloway, was appropriated to the payment and discharge of a note executed by said James B. Wilson to Gayer Knight, September 15th, 1870, which note was executed by said James B. Wilson in consideration of the purchase from said Knight of certain real estate, which real estate was, on September 15th, 1870, conveyed by said Knight to plaintiff Sarah Wilson, and has ever since been held by her under said deed; that, at the date of said

assignment and transfer of said policy of insurance to said Godfrey and Calloway, to wit, March 1st, 1872, the said defendants, Godfrey and Calloway, nor either of them, had any interest whatever in the life of said James B. Wilson, or in the continuance thereof, other than the transactions herein set out; that they nor either of them were of any kin, or related in any manner, to the said James B. Wilson; that they nor either of them were creditors of said James B. Wilson, and they nor either of them had any interest of any kind whatever, or advantage pecuniary or otherwise, in the continuance of the life of said James B. Wilson, other than what arose out of the transaction herein set out; that no other contract of assignment whatever of said policy has ever been made or attempted, except that contained and set out in said assignment herein set out."

The agreed facts, above set out, together with the policy of insurance and the written assignment to the appellants heretofore set out in this opinion, constituted all the evidence upon which the cause was submitted to the court for trial, and the finding was made in favor of the appellee Sarah Wilson, and against the appellants. In so far as the appellants are concerned, it seems to us that it can not be said that the agreed facts materially change, enlarge or improve their cause of action against the appellee Sarah Wilson, as contained in the written assignment, which is counted upon in their cross complaint. Indeed, we think, that, even under the agreed facts, it must be held that the written contract of assignment contains the entire contract of all the parties thereto, in relation to or in connection with the subject-matter of such contract. It was not claimed by the appellants, in their cross complaint, nor was it shown by the evidence, that there was any mistake in the written contract of assignment; and, therefore, its terms can not be changed by any parol

promise or agreement of any of the parties, made at the time of the execution of the contract, but it must be assumed that the written assignment expressed the entire contract of the parties at the time made, in relation to the subject-matter thereof. It is settled, by many decisions of this court, that a written contract or promise can not be controlled or varied by a contemporaneous verbal contract or promise. *Burns* v. *Jenkins*, 8 Ind. 417 ; *Madison, etc., Plank Road Co.* v. *Stevens*, 10 Ind. 1 ; *Potter* v. *Earnest*, 45 Ind. 416 ; *McDonald* v. *Elfes*, 61 Ind. 279.

It seems to us, therefore, that the appellants' cause of action against the appellee Sarah Wilson is wholly dependent upon the written contract of assignment, whereon they declared in their cross complaint. We have already said, that, in our opinion, this cross complaint did not state facts sufficient to constitute a cause of action against said Sarah Wilson, or to show in the appellants, as against her, any title to or interest in the policy of insurance, or the proceeds thereof, in controversy in this action. Our reasons for this conclusion were fully stated in considering the sufficiency of the second paragraph of the appellee's answer, and need not be repeated. It seems to us that the evidence introduced on the trial of this cause fairly sustained the finding of the court, and that the court committed no error in overruling the appellants' motion for a new trial.

The judgment is affirmed, at the appellants' costs.

Petition for a rehearing overruled.