Filed Nov. 2, 1889.

No. 13,783.

## STEWART ET AL. *v.* BABBS ET AL.

MARRIED WOMAN.—*Husband and Wife.*—*Estate by Entireties.*—*Void Mortgage.*—*Contract of Suretyship.*—Where husband and wife hold an estate by entireties through a conveyance made to them jointly, his note being accepted for the purchase-money, the debt is his, not hers, and a mortgage to secure the note executed by both is, under section 5119, R. S. 1881, void as against the wife.

SAME.—*Mortgage.*—*Oral Negotiations and Stipulations.*—*Merger of.*—In an action to foreclose said mortgage, neither fraud nor mistake being alleged, all oral negotiations and stipulations are merged in the contract. as reduced to writing in the execution of the deed, note, and mortgage.

ACTION.—*Parties to.*—*Husband and Wife.*—*Joint Assignment of Errors by.*—Where husband and wife are parties to an action they may join in an assignment of error as to rulings which affect the wife alone, the rule in 110 Ind. 131, not being applicable to husband and wife.

From the Switzerland Circuit Court.

*F. M. Griffith, W. R. Johnston, J. A. Van Osdol, J. A. Works* and *L. O. Schroeder,* for appellants.

*J. B. Coles,* for appellees.

BERKSHIRE, J.—The facts of this case are about as fol-fows:

On the 6th day of February, 1883, the appellant Samuel Stewart executed to the appellee Alice M. Summers his several promissory notes, as follows:

For $300 . . . . . . . . . . . Due March 1st, 1884.
For $300 . . . . . . . . . . Due March 1st, 1885.
For $400 . . . . . . . . . . Due March 1st, 1886.
For $500 . . . . . . . . . . Due March 1st, 1887.
For $500 . . . . . . . . . . Due March 1st, 1889.
For $500 . . . . . . . . . . Due March 1st, 1891.
For $500 . . . . . . . . . . Due March 1st, 1893.

And the appellants executed a mortgage upon the land therein described to secure the payment of said notes. The note falling due March 1st, 1886, was assigned by endorsement to the appellee Noah Babbs, and the one falling due March 1st, 1887, was assigned by endorsement to the appellee Caroline Moore, and the remainder of said notes was held by the payee, the appellee Alice M. Summers, at the commencement of this action, and at the time final judgment was rendered in the court below.

The appellee Noah Babbs brought this action upon the note so endorsed to him, and to foreclose the mortgage, making his co-appellees and the appellants defendants thereto.

The appellee Charles L. Summers has no interest in the subject-matter in controversy, but was made a party for the reason that he was the husband of the appellee Alice M. Summers.

The appellee Caroline Moore filed a cross-complaint upon the note held by her, and to foreclose the mortgage.

The appellee Alice M. Summers (her husband joining therein), filed a cross-complaint upon all of said notes except the two notes which had been endorsed, and to foreclose the mortgage.

To the complaint and cross-complaints Mrs. Stewart filed an answer.

The first paragraph was a general denial.

In the second paragraph she alleged coverture at the date of the execution of the mortgage; that she was the owner in her own right of the undivided one-half of the mortgaged land, and held title thereto, and that the mortgage was executed to secure the debt of her husband.

The appellant Samuel Stewart filed an answer also, but as it does not cut any figure in this appeal we need not notice it again.

Mrs. Stewart also filed a cross-complaint, alleging ownership to the undivided one-half of the mortgaged land, in which she averred that the appellees were asserting that they held a lien thereon by virtue of said mortgage, and demanded that her title be quieted.

To the cross-complaint of Mrs. Stewart the appellees filed an answer, and to the second paragraph of her answer to their complaint and cross-complaint they filed a reply.

The facts averred in the second paragraph of the reply are similar to those pleaded in the answer of the appellees to the cross-complaint of Mrs. Stewart, and present the same question.

The facts, briefly stated, are these : Mrs. Stewart and Mrs. Summers were sisters, and the owners jointly of the land described in the mortgage, and an additional tract adjoining of seventy acres, encumbered with a life-estate, which their mother, Nancy Maples, held therein.   It was agreed among the three that Mrs. Stewart and Mrs. Summers would join in a conveyance, conveying the fee in the seventy-acre tract to Mrs. Maples, and in consideration therefor she would convey her life-estate in the mortgaged land to her daughters. At the same time it was agreed between the sisters that Mrs. Summers would convey her interest in the mortgaged land to Mrs. Stewart for $3,000, and that pursuant to these oral agreements, Mrs. Summers and her husband, together with Mrs. Maples, joined in a conveyance conveying the mortgaged land to Mrs. Stewart and her husband jointly, and

that the two sisters and their husbands joined in a conveyance conveying the seventy-acre tract to Mrs. Maples; that the conveyance to Mrs. Stewart and her husband was made to them jointly by her direction, and in consideration therefor the notes in suit were executed, together with the mortgage; that, on the same occasion, and immediately preceding the execution of the notes, something was said about Mrs. Stewart joining in the notes, but the notary public who was preparing the instruments, remarked that it was unnecessary for her to do so, as the notes represented the purchase-money for the undivided one-half of the land conveyed by Mrs. Summers, and that it would only be necessary for her to sign the mortgage, and hence she did not sign the notes.

To the answer to her cross-complaint, and to the reply to her said answer, Mrs. Stewart filed separate demurrers, which the court overruled, and she excepted.

She then filed a reply in general denial to the said answer to her cross-complaint, and the cause being at issue was submitted to the court for trial, without the intervention of a jury.

The finding of the court was for the appellees on all the issues joined.

After the court announced its finding the appellants filed their separate motions for a new trial, which were by the court overruled, and they excepted.

The court then rendered judgment upon its finding, and there was a decree for the sale of the real estate. A motion was then made by Mrs. Stewart to modify the judgment and decree, but in view of our conclusion the ruling of the court upon this motion is unimportant.

Neither fraud nor mistake is charged in the original pleadings of the appellees, nor in their answer to the cross-complaint of Mrs. Stewart, nor in their reply to Mrs. Stewart's answer of suretyship.

It is well settled, by a long line of decisions of this court, that when the parties reduce their contract to writing, all

oral negotiations and stipulations are merged therein, and the writing must be treated as containing the whole contract. *Carr* v. *Hays,* 110 Ind. 408 ; *Brown* v. *Russell,* 105 Ind. 46 ; *Phillbrook* v. *Emswiler,* 92 Ind. 590 ; *Clodfelter* v. *Hulett,* 72 Ind. 137 ; *Walterhouse* v. *Garrard,* 70 Ind. 400 ; *McDonald* v. *Elfes,* 61 Ind. 279 ; *Mahan* v. *Sherman,* 7 Blackf. 378 ; *Harvey* v. *Laflin,* 2 Ind. 477 ; *Burns* v. *Jenkins,* 8 Ind. 417 ; *Madison, etc., Co.* v. *Stevens,* 10 Ind. 1 ; *Potter* v. *Earnest,* 45 Ind. 416.

When the deeds, mortgage, and notes were executed by the parties, the contract, as ultimately agreed upon, was to be found only in the writing, all precedent negotiations and stipulations being merged therein.

We, therefore, in arriving at a conclusion, have disregarded all oral understandings and conversations averred as leading up to the written contract.

Mrs. Stewart paid the consideration to her mother for the release of the life-estate on her undivided interest in the mortgaged land, and Mrs. Summers did likewise. The two then held the mortgaged land, relieved of the life-estate, and the conveyance from Mrs. Summers and her husband, and Mrs. Maples, conveyed to Mrs. Stewart and her husband Mrs. Summers' interest in the mortgaged land, and it was for this interest that the notes sued on were executed.

The following statute was in force when the transactions in question occurred. Section 5119, R. S. 1881 : " A married woman shall not enter into any contract of suretyship, whether as indorser, guarantor, or in any other manner ; and such contract, as to her, shall be void."

This statute has at all times been construed liberally in favor of the wife, and it has in many cases been held by this court that a mortgage on the wife's real estate to secure the husband's debt is within the statute. *Allen* v. *Davis,* 99 Ind. 216 ; *Vogel* v. *Leichner,* 102 Ind. 55 ; *Warey* v. *Forst,* 102 Ind. 205 ; *Allen* v. *Davis,* 101 Ind. 187 ; *Brown* v. *Will,* 103

Ind. 71; *Cupp* v. *Campbell*, 103 Ind. 213; *Engler* v. *Acker*, 106 Ind. 223; *Crooks* v. *Kennett*, 111 Ind. 347.

Under the contract as finally executed, Mrs. Stewart and her husband held title to the undivided interest conveyed by Mrs. Summers and her husband, and Mrs. Summers held the individual obligations of Samuel Stewart for the purchase-money.   The separate estate of Mrs. Stewart was not increased or benefited by the transaction.   She and her husband held the estate by entireties, and his obligations having been accepted for the purchase-money, the conclusion necessarily follows that the debt was his and not hers.   What the result would have been had she joined in the notes is a question not before us.  We cite the following cases as upholding our conclusions :  *Dodge* v. *Kinzy*, 101 Ind. 102 ; *State, ex rel.*, v. *Kennett*, 114 Ind. 160 ; *Crooks* v. *Kennett, supra ; McCormick, etc., Co.* v. *Scovell*, 111 Ind. 551.  In *Jones* v. *Ewing*, 107 Ind. 313, it was held that where the appellants, husband and wife, purchased a piece of town property jointly, the wife purchasing an interest equal to $\frac{7}{17}$ and the husband the remainder, or $\frac{10}{17}$, and by agreement the conveyance for the whole property was executed to the wife, she paying for her $\frac{7}{17}$ in cash, and the husband and wife executing notes for the $\frac{10}{17}$ purchased by the husband, and a mortgage on the property executed by both to secure the notes, the wife was but the surety of her husband, and that the mortgage was void as to the $\frac{7}{17}$ paid for by her.

In our opinion the court erred in overruling the demurrers to the answer of the appellees to Mrs. Stewart's crosscomplaint, and to the second paragraph of their reply to the second paragraph of her answer to their complaint and crosscomplaint.

We do not wish to be understood as holding that the consideration for an obligation or contract is not open to explanation by parol evidence, nor that the person to whom the consideration moves may not by the same character of

evidence be identified. The contrary of this is well, and has long been, settled by the decisions of this court.

The case cited last above, and the case of *Jouchert* v. *Johnson*, 108 Ind. 436, fully recognize this rule in cases of the class of the one under consideration. But the writings which the parties executed in the case under consideration disclose the consideration for the notes sued upon and to whom it moved. The averments as to what was said and agreed upon in advance of the writings, executed by the parties, did not tend to show a different consideration, or that it moved in a different direction than as disclosed by the written contract, and were, therefore, merged in the written contract.

The point is made that the appellants have assigned joint errors, and that the questions presented relate to rulings of which Mrs. Stewart alone has the right to complain, and the case of *Orton* v. *Tilden,* 110 Ind. 131, is cited. We do not regard the rule as applicable to husband and wife. We can imagine no good reason why the husband may not join with the wife in the assignment of error in this court, and no reason that would not be equally applicable to his joining with her in an action which she may maintain in the circuit court without joining her husband.

The judgment is reversed, with costs, and the court below is instructed to proceed in accordance with this opinion.

Filed Nov. 2, 1889.