Filed Nov. 6, 1889.

---

No. 13,739.

## COAPSTICK v. BOSWORTH.

EVIDENCE.—*Parol.*—*Promissory Note.*—*Contemporaneous Oral Agreement.*— Parol evidence is inadmissible to show, as a defence to an action upon a promissory note for four hundred dollars, payable unconditionally, an oral agreement by the payee, contemporaneous with the execution of the note, to convey to the defendant a one-fourth interest in land held in common with him in consideration of an annuity of forty dollars for life, and that the note was given upon the deeding of the land to secure the payment of the annuity, and for no other purpose.

From the Clinton Circuit Court.

*J. C. Suit* and *J. Combs*, for appellant.

*J. Claybaugh*, for appellee.

BERKSHIRE, J.—This was a suit upon a promissory note, which reads as follows :

" $400.          SEDALIA, IND., March 19th, 1884.

" One year after date, for value received, I promise to pay Mary A. Bosworth four hundred dollars ; this note to be collected by herself during her natural life; if not collected before her decease it shall be void as to other parties.

" WASHINGTON W. COAPSTICK."

Coapstick v. Bosworth.

Issue having been joined, the cause was submitted to the court for trial, and a finding made for the defendant.

The appellant then filed a motion for a new trial, which the court overruled, and he saved an exception. The court then rendered judgment upon the finding for the amount due upon the note.

Before entering upon the trial the appellant made a motion for a continuance, which was overruled, and an exception properly reserved.

There are but two errors assigned :

1. The court erred in overruling the motion for a continuance.

2. The court erred in overruling the motion for a new trial.

Both errors present the same question—the competency of certain evidence which the appellant offered to introduce.

The testimony offered by the appellant was, in substance, as follows : That at the date of the execution of the note the parties were tenants in common of a certain tract of land, the appellant holding title to three-fourths thereof and the appellee to one-fourth thereof; that, at the date on which the note was executed, and contemporaneous therewith, it was agreed between the parties that the appellee should convey her one-fourth interest to the appellant, and that in consideration thereof he should pay her thereafter an annuity not to exceed forty dollars, which should be given her in goods, provisions, or money from time to time as she might need it during her natural life, but that in no event should said payment exceed forty dollars per annum ; that one Shields, a notary public, was called upon to write out and take said Mary's acknowledgment to the deed for her said interest in the land ; that at his suggestion the note sued on was drawn up and signed, for the purpose of securing the appellee in the payment of said annuity, and for no other or different purpose ; that it was agreed and understood at the time of the execution of the note and deed, that no part of

said note was ever to be paid, except in the manner aforesaid, and that it was not to be paid at all, even as an annuity, after the appellee's death ; that no other or different consideration was to be paid to the appellee for her interest in said land.

It is well settled in this State that the true consideration may be shown for a promissory note or other obligation by parol evidence ; and if there was no consideration, or if the consideration has failed, parol evidence may be given to establish the fact.

This rule of law is so well established that we do not feel called upon to cite authorities. If, therefore, the offered evidence had a tendency to show that the note was executed without consideration in whole or in part, or to establish a failure of consideration as to all or any part of the note, the court erred in its rulings complained of, and a new trial should be granted.

But there is another rule which is equally well settled, that parol evidence will not be received of a previous or contemporaneous verbal understanding between the parties to vary the terms and conditions of a written contract or obligation. *Stewart* v. *Babbs*, 120 Ind. 568, and authorities cited. But we need not cite authorities in support of this well established rule.

If, therefore, the offered evidence did not go to the consideration, and its only tendency would have been to prove the existence of a contemporaneous verbal agreement inconsistent with the terms and conditions of the note, then the rulings of the court were right, and the judgment should be affirmed. It is evident that the conveyance was the consideration for the note. It is conceded by the offer that was made that the note was executed to secure to the appellee the amount that was to be paid to her for the land. It is not claimed that the amount which the note represents is not the price that was agreed on for the land ; nor that it was not worth the amount which the note calls for.

The note and conveyance constituted but one contract, and

Coapstick *v.* Bosworth.

the contract which the parties finally made, and the same is not impeached by either fraud or mistake. Suppose this suit had not been commenced, but the appellee had been willing to take forty dollars per year, as the appellant proposed to pay her ; and suppose both are permitted to live for twenty years or more from the date at which the note was executed ; at the end of ten years the appellant would pay four hundred dollars, the amount of the note ; could the appellee compel the appellant to continue to pay her the forty dollars per annum ?

This will hardly be claimed ; but if she could, upon what contract would her right rest ? Not upon the written contract which the parties entered into, for there are no such conditions contained in it. The action would have to be maintained either upon the verbal agreement, independent of the written contract, or upon the latter, varied and controlled by the verbal agreement. And this would be in violation of the well established rule to which we have referred, and the existence of which the appellant concedes in his brief.

If the appellee can not take advantage of the contemporaneous verbal agreement, neither can the appellant.

The ruling of the court is so clearly right that we feel that we must affirm the judgment, with damages.

Judgment affirmed, with five per cent. damages, and costs.

Filed Nov. 5, 1889.