## THE GAZETTE PRINTING COMPANY v. MORSS.

SPECIAL FINDING.—*Practice.—Venire de Novo.—New Trial.*—Where a special finding of facts, by the court, fails to cover the issues in the cause, a motion for either a *venire de novo* or a new trial must be resorted to for the prevention of error in the judgment that may follow the conclusions of law.

SAME.—*Contract.—Finding Covering Issues.—Supreme Court.—Mitigation of Damages.*—In an action for wages claimed to be due under a special contract, between the defendant and the plaintiff, for the services of the latter for a specified time, the complaint alleged part performance and readiness to perform in full, and also the refusal of the defendant to allow full performance, to which the defendant answered by a general denial, with an agreement of the parties that all matters which might be specially pleaded should be admitted in evidence under the general issue. The court found, specially, the facts alleged in the complaint, and that a certain sum was due the plaintiff.

*Held*, on motion for a *venire de novo*, the evidence not being in the record, that the special findings fully cover the issue made by the pleadings.

*Held*, also, that evidence might have been given, in mitigation of damages, that the plaintiff, after his discharge by the defendant, could have had employment and compensation elsewhere.

BILL OF EXCEPTIONS.—*Evidence.*—*Testimony.*—*Cases Overruled.*—A recital in a bill of exceptions, that it contains all the "testimony" given in the cause, is insufficient, and is not equivalent to a recital that it contains all the "evidence." All cases in conflict herewith are overruled.

From the Allen Circuit Court.

*L. M. Ninde,* for appellant.

*W. G. Colerick, H. Colerick* and *T. Colerick,* for appellee.

PERKINS, J.—The appellee sued the appellant for two weeks' wages, amounting to fifty dollars, under an alleged special contract for one year's service as general managing editor of the paper published by said company, at twenty-five dollars per week, alleging a readiness to perform said service, a demand for payment, and refusal by said company to pay, etc.

This is the second paragraph of the complaint. The first was dismissed.

The suit was commenced on the 15th of March, 1875.

Answer of general denial, with an agreement that all matters might be given in evidence under said issue, that could be given under any special issue that could be formed.

Trial by the court, who made the following special finding of facts and conclusions of law thereon:

The special finding was made on request of the defendant.

" The court finds from the evidence the following facts and conclusions of law upon them:

" 1.    That on the 27th day of August, 1874, the plaintiff and the defendants, by their general manager and authorized agent, made a verbal agreement, whereby the plaintiff undertook to render his services to the defendants as managing editor of the Fort Wayne Gazette, of which newspaper the defendants were then the publishers and proprietors, for the period of one year from the 7th day of September, 1874; that the defendants, by their said general manager and authorized agent, agreed so to employ said plaintiff during said period, and to pay him for his

services one thousand three hundred dollars, at the rate of twenty-five dollars per week, payable weekly, and five per cent. of the net profits realized in publishing said newspaper for and during said period.

"2. That said plaintiff, under and by virtue of said agreement, on the 7th day of September, 1874, entered upon his said employment, and duly discharged all the duties thereof until the 18th day of January, 1875, and that he was, up to the time of the commencement of this action, and still is, ready and willing to perform all the conditions of said agreement on his part to be done and performed.

"3. That said defendants, on the 18th day of January, 1875, refused, and have ever since refused, and still refuse, to allow plaintiff to perform the conditions of his said agreement; that there was due to the plaintiff, from the defendants, on the 30th day of January, 1875, two of said weekly instalments, amounting to the sum of fifty dollars, and that the plaintiff, on the 1st day of February, 1875, demanded the same from the defendants, and they refused to pay the same or any part thereof, and that the same was due at the time of the commencement of this action, and still remains unpaid.

"4. That prior to the final agreement between the plaintiff and defendants, by their general manager and agent, various propositions were made by the parties, in writing, in relation to the employment of the plaintiff as managing editor of said newspaper, none of which were accepted; and thereupon the plaintiff verbally proposed to the defendants, that he would, for the sum of one thousand three hundred dollars and five per cent. of the net profits of the newspaper, in addition to performing the duties of such editor, also edit the telegraph news, and report city council, political and other important meetings, which duties had not been specially referred to in any of said written proposals, for the period of one year, and to be paid at the rate of twenty-five dollars per week,

which verbal offer was accepted orally by defendants, under which agreement the plaintiff entered the employ of the defendants to perform said services.

" 5.   That the defendants, on the 16th day of January, 1874, appointed Isaac Jenkinson as general manager and editor of said newspaper, without in any manner consulting the plaintiff; and that the appointment of Mr. Jenkinson gave him full power and control over the editorial management of said newspaper.

" 6.   That Mr. Jenkinson, on the 18th day of January, 1875, assumed and took the general control and management of said paper, by virtue of said appointment, without requesting the plaintiff to abandon his said contract, and with a knowledge of the existence of the same.

" Upon these facts, the court finds the conclusions of law to be, that the plaintiff is entitled to recover, of and from the defendants, the sum of fifty dollars, with his costs of this suit.

" W. W. CARSON, Judge."

The defendant excepted to the findings and conclusions of law.   Thereupon the defendant moved for a *venire de novo*.

The motion was overruled.

The defendant then moved for a new trial, which motion was also overruled.

The next motion of the defendant was for judgment on the special findings.

The court overruled the motion, and thereupon entered judgment for the plaintiff on those findings.

Exceptions were entered to all of the foregoing rulings, and duly saved by bill of exceptions.

We proceed to consider the questions raised :

1.   As to the motions for a *venire de novo* and a new trial.

Where a court makes a special finding of facts, and conclusions of law thereon, and the finding of facts fails to cover the issues, a motion for either a *venire de novo* or a

new trial must be resorted to for the prevention of error in the judgment that might follow.

In the case now before us, there was no issue except the general issue, made upon a complaint for wages claimed to be due under a special contract, and the evidence is not in the record. The facts necessarily involved in sustaining the complaint under that issue were the existence of the contract, its performance, or a readiness to perform, and an offer of performance, and the amount to be recovered. We think the finding covered the issue in the case.

As we have said, the evidence is not in the record. The bill of exceptions states that all the "testimony" is in the record; but this is not equivalent to a statement that all the "evidence" is in the record. Testimony is one species of evidence. But the word evidence is a generic term which includes every species of it. And, in a bill of exceptions, the general term covering all species should be used in the statement as to its embracing the evidence, not the term testimony, which is satisfied if the bill only contains all of that species of evidence. The statement that all the testimony is in the record may, with reference to judicial records, properly be termed an affirmative pregnant. Cases that may be found in our reports, if there be such, in conflict with this opinion, are overruled. Besides, the bill in this case shows, in its statement of the testimony, that material written evidence, not copied into the bill, was given on the trial. The items of evidence admitted and refused over objections were immaterial.

This suit was for wages claimed to be due under the contract; not for damages for its breach. But it was immaterial which form of complaint was adopted. It is said in Wood on the Law of Master and Servant, p. 252, that "Dismissal for cause before the expiration of the term does not operate as a rescission of the contract, so as to entitle the servant to sue upon a *quantum meruit*, but he must either sue upon the contract for the wages provided

therein, or for damages for its breach, and in either event the limit of his recovery is the contract price, subject to such deduction as the master is legally entitled to.;" citing *Jenkins* v. *Long*, 8 Md. 132.

In *Utter* v. *Chapman*, 38 Cal. 659, it is held, that "Parties whose services have been refused, when offered according to their contract, may not refuse employment from others, and insist upon the payment of the full contract price;" and, in *Barker* v. *The Knickerbocker, etc., Co.*, 24 Wis. 630, it is decided, that "the rule in such cases is, that although the damages may be so reduced, yet the burden is on the defendant to show affirmatively that the plaintiff might have had employment and compensation elsewhere. Here the defendant offered no such proof, and there was therefore no question upon that subject to submit to the jury." See, also, Wood, *supra*, 269. It does not appear that there was any definite evidence upon which a finding could be based on that subject, in the case now before this court. Hence, the special finding as to amount must be presumed to be right.

The judgment is affirmed, with costs.