BRICKLEY *v.* WEGHORN ET AL.

No. 6737.

PRACTICE.—*Verdict.*—*Venire de Novo.*—A motion for a *venire de novo* will not lie because of an inconsistency or conflict between the answers to interrogatories and a general verdict returned by a jury.

SAME.—A motion for a *venire de novo* is proper where there is some defect, uncertainty or ambiguity upon the face of the verdict, or where there is a failure to assess damages.

SAME.—*Motion for Judgment non Obstante.*—Where a party believes himself entitled upon the answers to the interrogatories to a greater sum than that awarded by the general verdict, he should move for judgment upon the answers to interrogatories, for such sum as they show him entitled to recover.

SAME.—*New Trial.*—An inconsistency between the general verdict and answers to interrogatories must be presented by a motion for a new trial.

BILL OF EXCEPTIONS.—*Evidence.*—*Testimony.*—A recital in a bill of exceptions, "That thereupon the defendant rests, and this was all the testimony given in the case," is insufficient because the term "testimony" is not synonymous with the term "evidence."

From the Madison Circuit Court.

*J. W. Sansberry* and *E. B. Goodykoonts*, for appellant.

*C. L. Henry* and *C. D. Thompson*, for appellees.

ELLIOTT, J.—This cause was tried upon issue joined upon appellant's complaint seeking a recovery upon a promissory note executed to him by the appellees. The appellant recovered below, but the amount of recovery was less than he insists he was entitled to, and he now prosecutes this appeal.

The first ruling of which appellant makes complaint is the overruling of a motion for a *venire de novo.* The contention of counsel is, that, as the answers of the jury to interrrogatories show that the general verdict should have been for a larger amount, the appellant was entitled to have the verdict set aside, and a new jury called.

The appellant has mistaken his remedy. A motion for a *venire facias de novo* will not lie, because of an incon-

sistency or conflict between the answers to interrogatories and the general verdict. Such a motion is proper where there is some defect, uncertainty or ambiguity upon the face of the verdict, or where there is a failure to assess damages. *Dehority* v. *Nelson*, 56 Ind. 414; *Whitworth* v. *Ballard*, 56 Ind. 279; *Bosseker* v. *Cramer*, 18 Ind. 44.

The verdict in this case is in form perfect, in substance covers all the issues, and is, therefore, such a one as will enable the court to pronounce judgment, according to the rights of the litigants. By this verdict all issues were disposed of, and a full and final judgment authorized, and, where this is so, the motion for a *venire de novo* can not be well grounded. If the appellant believed himself entitled, upon the answers to the interrogatories, to a greater sum than that awarded by the general verdict, he should have moved for judgment upon the answers to interrogatories for such sum as they showed him entitled to recover. That this is the proper practice is evident from the provision of our statute, which is as follows:

" When the special finding of the facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly." 2 R. S. 1876, p. 172, sec. 332.

It would plainly do violence to this explicit provision of the code to hold that an inconsistency between the answers to interrogatories and the general verdict entitled the appellant to have a new jury called and the cause tried the second time; for, if his assumption that the answers entitled him to judgment for a larger sum than he got be correct, he ought to have demanded judgment for that sum, and not have made an attack upon the entire verdict. The remedy contemplated by the code, in cases of inconsistency between the answers to interrogatories and the general verdict, is a motion which shall give legal

effect to the facts specially found, and not one which will completely overthrow both the general verdict and the special findings made in answers to interrogatories. There is a very close resemblance between a motion for a new trial and a motion for a *venire de novo*, and it is settled that an inconsistency between a jury's general verdict and their answers to interrogatories must be presented by a motion on the answers, and can not be presented by a motion for a new trial. *Adamson* v. *Rose*, 30 Ind. 380.

The same reasoning which led to the judgment pronounced in the case cited leads logically and certainly to the conclusion that a discrepancy between facts found specially in answer to interrogatories, and the general verdict, is not ground for a motion for a *venire de novo*.

Questions arising upon the evidence are discussed by counsel, but the discussion is profitless, for the reason that the evidence is not properly brought into the record. The bill of exceptions, it is true, recites, that " thereupon the defendant rests, and this is all the testimony given in the cause," but, as has been several times decided, this statement is insufficient because the term " testimony " is not synonymous with the term " evidence." *Harvey* v. *Smith*, 17 Ind. 272 ; *The Gazette Printing Co.* v. *Morss*, 60 Ind. 153 ; *McDonald* v. *Elfes*, 61 Ind. 279.

The case in hand falls under the rule established by these cases ; for it is evident from the recitals of the record, that both oral testimony and written evidence must have been submitted to the jury.

The judgment is affirmed.