Barley, Administrator, v. Dunn, Administrator.

No. 9692.

BARLEY, ADMINISTRATOR, v. DUNN, ADMINISTRATOR.

ASSIGNMENT OF ERRORS.—*Supreme Court.*—Errors of law occurring at the trial, such as admitting or excluding evidence, and giving, modifying, or refusing instructions, are not proper subjects for specifications in an assignment of errors.

SAME.—In such case, a specification, that the court erred in overruling the motion for a new trial, presents for review all errors at the trial properly excepted to at the time and stated in the overruled motion.

PRACTICE.—*Evidence.*—*Testimony.*—*Bill of Exceptions.*—A conclusion of a bill of exceptions, "And this was all the *testimony*, either verbal or written, that was introduced, heard or read on the trial of said cause," is not the equivalent of "This was all the *evidence* given upon the trial of the cause." The word "testimony" does not include documentary evidence.

SAME.—*Exceptions to Decisions During Trial.*—*Instructions.*—Under section 343, Code of 1852, a bill of exceptions, upon overruling a motion for a new trial, did not, as now, under R. S. 1881, section 626, carry forward exceptions taken to decisions made during the trial; and instructions in a bill of exceptions were not thereby incorporated in the record.

From the Grant Circuit Court.

*J. F. McDowell, G. L. McDowell* and *J. A. Kersey,* for appellant.

*A. Steele* and *R. T. St. John,* for appellee.

FRANKLIN, C.—Elizabeth Ruff filed a claim against George F. Dunn, as administrator of the estate of David Bish, deceased. Before the case was tried claimant died, and Madison M. Barley was appointed as her administrator, and was substituted as plaintiff in the case.

Under an agreement that "all facts might be given in evidence that would be competent in any state of pleading," a trial was had before a jury; a verdict was returned for appellee, and, over a motion for a new trial, judgment was rendered for appellee.

In this court appellant has assigned seven specifications of error. The first six thereof are upon the introduction of evidence, and instructions to the jury. These are not proper subjects for the assignment of errors; they can only be con-

sidered in this court when properly embraced in a motion for a new trial. Hence the seventh specification of errors, that the court erred in overruling the motion for a new trial; presents the only question for our consideration.

The first four reasons for a new trial are in relation to the sufficiency of the evidence to support the verdict, and averring that it is contrary to law.

The fifth reason is for the erroneous admission of testimony. The sixth, seventh, eighth, ninth and tenth are in relation to the instructions.

The question as to the admissibility of testimony is not presented by a bill of exceptions, and can not be made a part of the record by being embraced in the motion for a new trial.

Counsel for appellee have filed a motion to strike from the record the bill of exceptions, for the reasons that it was not filed at the term at which the trial was had, and that no time was then given for it to be filed afterwards; and for the further reason that it does not aver that it contained all the evidence given upon the trial of the cause.

The concluding paragraph of the bill is as follows: "And this was all the testimony, either verbal or written, that was introduced, heard or read on the trial of said cause." This is not equivalent to saying that "this was all the evidence given upon the trial of the cause." This is insufficient. The word "testimony" does not include documentary evidence. *McDonald* v. *Elfes*, 61 Ind. 279; *Sessengut* v. *Posey*, 67 Ind. 408 (30 Am. R. 98).

The trial was had at the November term of the court, 1880. The motion for a new trial was filed at that term. The record, without showing that anything more was done in the case at that term, by a continuance or otherwise, shows that at the February term, 1881, the motion for a new trial was overruled, and that time was then given, extending beyond that term, in which to file a bill of exceptions, and it was filed within the time then given. This bill of exceptions could only bring forward the evidence given upon the trial

of the cause, and could not bring forward exceptions made to rulings during the trial. The 343d section of the code of 1852 provides that "The party objecting to the decision must except at the time the decision is made; but time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the court." This provision of the code is now changed by the 626th section of the revision of 1881, which provides: "That if a motion for a new trial shall be filed in a cause in which such decision, so excepted to, is assigned as a reason for a new trial, such motion shall carry such decision and exception forward to the time of ruling on such motion, and time may be then given by the court within which to reduce such exception to writing." But the new code did not go into force until September 19th, 1881, and can not apply to the case under consideration.

The instructions asked, given, or refused, are not attempted in any other way than by the bill of exceptions, to be made a part of the record; and this can not be done by embracing them in a bill of exceptions filed after the next term of the court, no time having been given at the term of the trial. There is no question properly presented upon the instructions. See the case of *Indianapolis, etc., R. R. Co.* v. *Pugh, ante,* p. 279, and authorities there cited.

And as the bill of exceptions does not purport to contain "all the evidence given upon the trial of the cause," no question is presented as to the sufficiency of the evidence to sustain the verdict, and we can not determine that the verdict is contrary to law.

There is no available error in the overruling of the motion for a new trial.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.