Ingel *v.* Scott.

———————◆———————

No. 9952.

INGEL *v.* SCOTT.

REPLEVIN.—*Joint Ownership.*—*Complaint.*—*Demurrer.*—Where the plaintiff sues to recover the possession of a specific share and certain quantity of wheat, of which he alleges that he is the owner and entitled to the possession, and that defendant has possession thereof without right, and unlawfully detains the same from the plaintiff, the complaint is sufficient to withstand a demurrer thereto for the want of facts. The joint ownership of the wheat by the plaintiff and defendant, if it exists, is not apparent on the face of the complaint, and is matter of defence to be shown by the answer.

Ingel *v.* Scott.

SUPREME COURT.—*Judgment.—Objections to Form or Substance.*—Where no objections are made, nor exceptions taken, either to the form or substance of the judgment in the circuit court, they can not be made or taken for the first time in the Supreme Court.

SAME.—*Evidence.—Testimony.—Bill of Exceptions.*—Unless the bill of exceptions affirmatively shows that it contains all the evidence given on the trial, the Supreme Court will not consider the question whether or not the finding of the court is sustained by sufficient evidence. In such a case, the word "testimony" is not the equivalent of the word "evidence."

From the Miami Circuit Court.

*C. M. Emerick* and *W. E. Mowbray*, for appellant.

*H. J. Shirk, J. Mitchell, —— Reasoner* and —— *Loveland,* for appellee.

HOWK, J.—This was a suit by the appellee against the appellant, to recover the possession of certain personal property, and damages for its detention. The cause was put at issue and tried by the court, and a finding was made for the appellee, that she was the owner of and entitled to the property described in her complaint; that the same was of the value of $147; that the same was unlawfully detained by the appellant in Miami county, and that the appellee had been damaged in the sum of one cent. Over the appellant's motion for a new trial the court rendered judgment for the appellee and against the appellant, upon and in accordance with its finding.

In this court the appellant has assigned the following errors:

1. The court erred in overruling his demurrer to appellee's complaint;

2. The court erred in finding a judgment for the appellee and against the appellant, on the evidence and admissions contained in the bill of exceptions; and,

3. The court erred in overruling his motion for a new trial.

In her complaint the appellee alleged in substance, that she was the owner and entitled to the possession of two-fifths of the wheat crop raised by the appellant on the lands, in Washington township, Miami county, Indiana, rented by him of

the appellee, and known as the Walker farm; that said two-fifths amount to 140 bushels of wheat, and was of the value of $147; that the appellant had the possession of said wheat without right, and unlawfully detained the same from the appellee, in Miami county; that, before the commencement of this suit, the appellee demanded of the appellant the possession of said wheat, but he refused to deliver it or any part thereof to her; that the same had not been taken for any tax, assessment or fine, nor seized under an execution against the property of the appellee. Wherefore, etc.

The only objection to the sufficiency of the complaint pointed out by the appellant's counsel is thus stated: That appellee and appellant were joint owners of the crop of wheat, and that, therefore, neither one could maintain an action against the other for the possession of the wheat. The fact of a joint ownership of the wheat, if such fact existed, was not apparent on the face of the complaint. The appellee did not sue for an undivided interest in wheat, but for a specific share and quantity of wheat. The complaint on its face stated facts sufficient to constitute a cause of action; and if any facts existed which would prevent a recovery, they were not apparent and were proper matters of defence. *Schenck* v. *Long*, 67 Ind. 579.

It is objected to the judgment, in this court, that it did not follow the finding of the trial court, and that it was erroneously rendered to be executed without relief from valuation laws. No objections were made nor exceptions taken below, either to the form or substance of the judgment; and it is well settled that they can not be made or taken, for the first time, in this court. *Smith* v. *Tatman*, 71 Ind. 171; *Teal* v. *Spangler*, 72 Ind. 380.

The only question intended to be presented for decision by the alleged error of the court in overruling the motion for a new trial is this: Is the finding of the trial court sustained by sufficient legal evidence? We do not think that the bill of exceptions shows that it contained all the evidence given on the trial. The bill begins with the statement that " the

following was all the testimony and all the admissions made by the plaintiff as well as the defendant;" and this was the only statement in the bill tending even to show that it contained all the evidence given on the trial. This was not sufficient. It is settled by the decisions of this court that "testimony" is not the proper word to be used in a bill of exceptions for the purpose of indicating that it contained all the evidence given on the trial. Testimony is merely one species or kind of evidence; and, while evidence includes all testimony, it can not be said that testimony includes all evidence. *McDonald* v. *Elfes*, 61 Ind. 279; *Sessengut* v. *Posey*, 67 Ind. 408 (33 Am. R. 98).

We have found no error in the record which would authorize the reversal of the judgment.

The judgment is affirmed, with costs.