The Sandford Tool and Fork Company *v.* Mullen.

Filed April 18, 1891.

---

No. 65.

The Sandford Tool and Fork Company *v.* Mullen.

Bill of Exceptions.—*"All the Testimony."*—A statement in a bill of exceptions that it contains "all the testimony given to the jury" is not sufficient to show that it contains all the evidence given to them.

Practice.—*Amendment of Complaint After Evidence Heard.*—A complaint may be amended by leave of the court after all the evidence is heard, so as to conform to such evidence; and unless the record shows affirmatively that the defendant was misled or prejudiced by such amendment, the presumption is, on appeal, that he was not prejudiced either by the amendment or by leave of the court allowing the plaintiff to make it.

Same.—*Reswearing Jury.*—*Bill of Exceptions.*—It is not error to refuse to

re-swear the jury when an amended complaint is filed during the trial if a new issue is not thereby tendered. In order to present any question on appeal touching the action of the court in such an instance, a bill of exceptions is necessary.

SAME.— *When not Error to Refuse a Special Verdict.*—After instructions have been requested by a party, some of which have been argued and the court has designated ·those he will give to the jury, it is too late for such party to insist that the jury be required to return a special verdict, although the court may in its discretion direct one to be returned.

INSTRUCTIONS.—*Refusal of.—Evidence not in Record.*—A refusal of instructions stating correct legal propositions is not available error on appeal when all the evidence is not before the court. The Appellate Court will presume that they were inapplicable to the case made by the evidence.

VENIRE DE NOVO.—A *venire de novo* is only proper when there is some defect in the verdict or finding of the court; and a motion for it raises no question respecting the filing of an amended complaint during the trial, nor respecting a refusal of the court to direct a verdict for the party making it.

From the Vigo Superior Court.

*B. V. Marshall. C. F. McNutt, J. G. NcNutt* and *F. A. McNutt,* for appellant.

*I. N. Pierce, G. W. Faris* and *S. R. Hamill,* for appellee.

ROBINSON, J.—This was an action for false imprisonment. The appellant was the defendant in the court below. The complaint alleges that the appellant's officers and agents caused and procured appellee's arrest and imprisonment on the charge of larceny, falsely preferred. The appellant answered the complaint, in three paragraphs :

*First.* General denial.

*Second.* Alleging compromise and settlement of the cause of action.

*Third.* Justification of the arrest and imprisonment.

A demurrer was sustained to the third paragraph of the answer, and excepted to. The appellee replied, by general denial, to the second paragraph of the answer.

The case was tried by a jury. After the evidence had been heard, and while the court was considering the instructions,

appellee asked leave to amend his complaint, and tendered an amended complaint, which the court, over the objections and exceptions of appellant, allowed filed. Appellant demurred to the amended complaint. The demurrer was overruled, and excepted to. Appellant then asked leave to refile his answer, which the court granted as to the first and second paragraphs, and denied as to the third, and the appellant excepted. Appellant then objected to proceeding under the submission had under the pleadings as originally formulated. The court overruled the objection, which was excepted to.

Before the court proceeded to instruct the jury, the appellant requested the court to direct the jury to return a special verdict; which request the court denied and overruled for reasons hereinafter shown in the record.

Appellant asked that instructions one to five be given; which were refused by the court.

The court, on its own motion, charged the jury.

The jury returned a verdict for appellee, assessing his damages at $800.

Appellant filed a motion for a new trial, which was overruled and accepted to, and then made a motion in arrest of judgment, which was overruled and accepted to. Thereupon the court rendered judgment upon the verdict.

Before considering the assignment of errors, as discussed by the appellant, and for the purpose of ascertaining what questions are saved in the record, we will determine the claim made by the appellee that the evidence on the trial of the cause is not properly in the record. The appellee's counsel, among other reasons why the evidence is not in the record, press for our consideration that it is stated in the bill of exceptions, " and this is all the *testimony* given to the jury," and that there is no statement " that this was all the evidence given in the cause," it is unnecessary to look to other objections urged by the appellee to the bill of exceptions. Under the authorities we can not consider the evidence

in the record. *McDonald* v. *Elfes,* 61 Ind. 279 (284); *Gazette Printing Co.* v. *Morss,* 60 Ind. 153 (157); *Sessengut* v. *Posey,* 67 Ind. 408 (412); *Ingel* v. *Scott,* 86 Ind. 518 (520); *Barley* v. *Dunn,* 85 Ind. 338; *Kleyla* v. *State, ex rel,* 112 Ind. 146; *Mattinger* v. *Lake Shore, etc., R. W. Co.,* 117 Ind. 136.

We will now proceed to consider the errors discussed by the appellant, which are saved in the record, in the order in which they are presented. It is contended by the appellant that the trial court erred in allowing appellee to amend his complaint after the evidence was all in, by which amendment appellee set out a new and different cause of action from that set forth in the complaint on which issue had been joined and the evidence heard.

After the evidence was concluded, and while the court was hearing discussion on instructions which appellant had requested should be settled and determined by the court before argument of the cause, the appellee asked leave to amend his complaint to conform to the evidence, which request the court, after having taken the same under advisement, and the appellee having tendered his amended complaint and asked leave to file the same, allowed said amended complaint to be filed, over the objections and exceptions of the appellant.

The amended complaint differed from the one upon which the issue was joined, in this, to wit, the words. "that the plaintiff had committed the crime of larceny" not appearing in the amended complaint.

The amended complaint made no material difference, as the material facts in actions for false imprisonment are the unlawful arrest and wrongful imprisonment. The crime with which the party is charged can make no difference if the arrest was unlawful and the imprisonment wrongful. The amended complaint did not change the form of the action or plead a new or different cause of action. It is well settled as a rule of practice in this State, that it is within the discretion of the court to permit the complaint or other plead-

ing to be amended during the trial of a cause, and in such case, unless the record shows by affidavit or other evidence that the opposite party was misled or prejudiced by such amendment, and in what respect, the Appellate Court will conclude that he was not prejudiced either by such amendment or by leave of the court to make such amendment. *Burr* v. *Mendenhall*, 49 Ind. 496 (498) ; *Chicago, etc., R. W. Co.* v. *Jones*, 103 Ind. 386 (388) ; *Child* v. *Swain*, 69 Ind. 230 (238) ; *Town of Martinsville* v. *Shirley*, 84 Ind. 546 ; *Burns* v. *Fox*, 113 Ind. 205.

Appellant claims that the court erred in overruling appellant's objection to the cause proceeding on the amended complaint and the issue joined thereon, and in directing said cause to proceed without re-swearing the jury.

There is nothing in the record that saves the question attempted to be raised in the court proceeding with the trial without re-swearing the jury. Appellant did not ask to have the jury re-sworn. There was no new cause of action submitted to the jury. There was no error in not re-swearing the jury.

The appellant did object to proceeding with the trial of the cause after the amended complaint was filed, but appellant did not show, or make any effort to show, that he was misled or prejudiced by the amended complaint. There was no error, under this state of facts, in the court proceeding with the trial.

The contention is then made by the appellant that the court erred in refusing to instruct the jury to return a special verdict.

The appellant made a motion in writing that the jury be directed to return a special verdict, to which motion and request the appellee objected, which objection was sustained by the court, and the court refused to direct the jury to find a special verdict, on the ground that inasmuch as the appellant had, when the evidence was all in, and before argument began, requested the court in writing that the court should

The Sandford Tool and Fork Company *v.* Mullen.

instruct the jury in writing, and that the instructions be settled before argument, and thereupon both sides submitted instructions, and asked that they be given, but before the amendment of the complaint hereinbefore mentioned was made, and which instructions the court before argument had passed upon, and some of which were read and commented upon as instructions the court would give the jury by plaintiff's counsel in his closing argument, the request came too late.

Section 546, R. S. 1881, governs cases of this character, and as to the proper time when interrogatories may be propounded to a jury the Supreme Court has established the rule: "When interrogatories to be propounded to the jury have been presented to the court by a party after the commencement of the argument of the cause, there is no error in refusing to submit them to the jury;" this rule is reasonable and just. The trial court should have some discretion in such cases, and only be held responsible for the abuse of such discretion. The time for the presentation of interrogatories and special instructions, as a question of practice, is well settled. We can see no reason why the same rule shall not apply to special verdicts. *Ollam* v. *Shaw,* 27 Ind. 388 ; *Malady* v. *McEnary,* 30 Ind. 273 (277) ; *Glasgow* v. *Hobbs,* 52 Ind. 239.

Upon the particular question as to when the trial court may direct the jury to find a special verdict, it is held in the case of *Johnson* v. *Culver,* 116 Ind. 278, that "It was not an abuse of discretion on the part of the trial court to direct a special verdict after instructions had been asked and argued. It was discretionary with the court at that stage of the proceedings to refuse or to grant the request for a special verdict." There was no error in the court considering the stage of the case when appellant made the motion to direct the jury to return a special verdict, in overruling said motion.

Vol. 1.—14

The appellant further contends that the court erred in refusing to give instructions two and five. As we have held in this opinion that the evidence is not in the record, no available error can be predicated upon the instructions refused; for even if they state the law correctly the Appellate Court will presume that they were properly refused, as inapplicable to the case made by the evidence. *Louisville, etc., R. W. Co.* v. *Harrigan*, 94 Ind. 245; *Johnson* v. *Wiley*, 74 Ind. 233.

Appellant made a motion for a *venire de novo*, founded on two causes: *First*. Because the trial court allowed appellee to amend his complaint to conform to the evidence; and, *Second*. Because the court refused to direct the jury to find a special verdict. This motion was correctly overruled. A *venire de novo* is not proper for the causes assigned; it is only proper when there is some defect in the verdict of the jury, or finding of the court. *McClintock* v. *Theiss*, 74 Ind. 200.

We do not think it necessary to refer at any length to the claim of the appellant as to the insufficiency of the amended complaint. No valid objection is pointed out to it. It was clearly sufficient, as being against a corporation, in all of the averments under the following cases: *American Ex. Co.* v. *Patterson*, 73 Ind. 430; *Terre Haute, etc., R. R. Co.* v. *Jackson*, 81 Ind. 19; *Wabash R. W. Co.* v. *Savage*, 110 Ind. 156 (159).

There are other questions presented in appellant's brief, arising out of the evidence, but as the evidence is not properly in the record we can not consider them.

There is no error in the case for which it should be reversed, and the case must be affirmed, and is affirmed at costs of the appellant.

Filed April 28, 1891.