Filed Dec. 29, 1892.

———————

No. 666.

EHRISMAN *v.* SCOTT ET AL.

PRACTICE.—*Appeal.*—*Sufficiency of Evidence.*—*Bill of Exceptions.*—*Stenographer's Certificate.*—To present any question on appeal, concerning the sufficiency of evidence, the bill of exceptions must contain a statement that "this was all the evidence given in this cause," or words of equivalent import. The certificate of the official stenographer that "the foregoing is a true, complete and impartial report of the evidence, rulings of the court and exceptions thereto," is not sufficient. There must be some expression by the judge, either in the bill of exceptions or in his certificate, wherein it is declared that such bill embodies all the evidence given at the trial.

SAME.—*Instructions to Jury.*—*How Brought into Record.*—It is not necessary, in order to bring an instruction properly into the record for review, to incorporate it in the bill of exceptions. It is sufficient to write on the margin, or at the close, " given and excepted to," which memorandum must be dated and signed by the judge, and the instruction filed. The giving of them as a whole, no exception having been taken, presents no question when assigned as a cause for a new trial.

WITNESS.—*Testimony on Former Trial.—Refreshing Recollection.*—Where a witness was interrogated regarding a certain transaction, who failed to testify as fully as the counsel who had called him desired, it was not error to submit to him a paper, which was not read in evidence, containing an examination of the witness on the same subject at a previous trial, and to read extracts to him from the paper for the purpose of refreshing his memory, and to ask him if, after hearing such passages read over to him, he did not now recollect the facts as he had formerly testified.

From the Marion Superior Court.

*G. W. Spahr,* for appellant.

*A. C. Ayres* and *A. Q. Jones,* for appellees.

REINHARD, J.—The appellees sued the appellant, and recovered of him the price of a quantity of wheat alleged to have been stolen from them by other parties from freight cars at a railroad station and received by the appellee, who is a miller.

But three propositions are discussed in the brief of appellant's counsel. These are:

1. The insufficiency of the evidence.
2. Error in the examination of a witness.
3. Error in giving instructions to the jury.

To the correct determination of the first two of these questions it is essential that the evidence should be in the record by a proper bill of exceptions. The paper purporting to be such bill contains no statement that " this was all the evidence given in this cause," nor words of equivalent import. That this is necessary in order to render the bill of exceptions valid has been so frequently decided that it would seem quite unprofitable to cite authorities in support of the proposition. See, however, the following: *Sandford Tool, etc., Co.* v. *Mullen,* 1 Ind. App. 204 ; *Seig* v. *Long,* 72 Ind. 18 ; *Brock* v. *State, ex rel.,* 85 Ind. 397 ; *Beatty* v. *O'Connor,* 106 Ind. 81 ; *Kleyla* v. *State, ex rel.,* 112 Ind. 146 ; Works Pr., section 1078, and note ; Elliott App. Proc., section 823.

The learned authors last cited, at the section referred to,

make use of the following language with reference to the point under consideration :

" It has been said, we may incidentally remark, that the adherence to a rigid rule is unwise because too technical, but this is only a partial view of the question. One great virtue of a rule is to secure certainty and to prevent a consumption of the time of the court in determining whether the evidence is or is not in the record. It is no great hardship to require parties to obey a settled rule, but there is hardship and uncertainty in a practice that leaves each case to be determined as a single and isolated instance."

Appellant's counsel have not pointed out to us any way to surmount this difficulty. The only attempt made anywhere in or about the paper designated as a bill of exceptions at certifying to what it contains is in the certificate of the official stenographer, which states that " the foregoing is a true, complete and impartial report of the evidence, rulings of the court and exceptions thereto," and it might be argued that this language is sufficient to meet the requirements of the rule referred to.

It is quite true that the exact formula above employed need not be used since the abrogation of the rule of the Supreme Court prescribing it, and it is sufficient if equivalent terms, or terms conveying a similar meaning, are resorted to. *Brock* v. *State, ex rel., supra.*

But there must be some expression by the judge, either in the bill of exceptions or in his certificate, wherein it is declared that such bill embodies all the evidence given at the trial. If we grant that the words of the stenographer, that " the foregoing is a true, complete and impartial report of the evidence," are sufficient to express the meaning that " this was all the evidence given in the cause," it remains true, also, that such words are not those of the judge, but of the stenographer. But it is the judge's certificate, or signature, that gives verity to the bill, and to him alone this court must look for a declaration that the evidence is all in the

record. *Lyon* v. *Davis*, 111 Ind. 384. While it is not essential, as we have seen, that such declaration should be embodied in his official certificate, it should appear somewhere in the record, and must purport to come from the judge. By signing the bill the judge adopts and approves it, and thereby certifies every material statement therein which precedes his signature. *McCormick, etc., Co.* v. *Gray*, 114 Ind. 340. But the certificate of the stenographer can not be used to supply the defects in the bill of exceptions proper, nor can it alone be accepted as a verity of what it contains.

Notwithstanding our conclusion that the evidence is not in the record, we have examined the same, and if it were treated as being properly before us for consideration we would not be able to decide that it is insufficient to authorize the jury's conclusion. The evidence was largely circumstantial, and while conflicting, and on many points indefinite, we can not say that there was a complete failure upon any material point. No substantial good could be accomplished by setting it out or discussing it more in detail.

As to the contention that error was committed in respect to the examination of a witness, it may be said that the witness, one Hatwood, was interrogated regarding the transaction in controversy, and failing to testify as fully as counsel for appellee, who had called him, desired, a paper was submitted to him containing an examination of the witness upon the same subject at a previous trial. From this paper extracts were read to the witness for the purpose of refreshing his memory, and he was asked if, after having heard such passages read over to him, he did not now recollect the facts as he formerly testified, to which he made an affirmative response. The paper was not read in evidence by the appellee.

There was no error in this. *Stanley* v. *Stanley*, 112 Ind. 143.

This brings us to the last proposition, which has reference

to certain instructions given by the court, that the appellant insists were improper and incorrect. These instructions were not copied into the paper purporting to be the bill of exceptions in the cause, but are contained in a separate part of the transcript. We have carefully searched the record, and do not find in it anywhere any exceptions taken to the instructions, or either of them. The giving of them, as a whole, is assigned as a cause in the motion for a new trial, but this is not sufficient. To bring an instruction properly into the record for review it need not be incorporated in the bill of exceptions, but it is sufficient to write on the margin or at the close, " given and excepted to," which memorandum must be dated and signed by the judge, and the instruction filed. Sections 533, 535, R. S. 1881. This was not done, and no question is, therefore, presented as to the correctness of the instructions.

We have thus disposed of all matters discussed by counsel for appellant, and are unable to discover any ground for a reversal.

Judgment affirmed.

Filed Dec. 29, 1892.