## MILLER ET AL. *v.* FULLER.

[No. 2,560.   Filed November 30, 1898.]

APPEAL AND ERROR.—*Assignment of Error.—Waiver.*—Assignments of error not discussed are waived. *p. 255.*

PLEADING.—*Defective Pleading.—Special Verdict.*—A mere defective averment in a pleading, not amounting to the omission of a fact essential to the cause of action, may be cured by special verdict. *pp. 255, 256.*

APPEAL AND ERROR.—*New Trial.—Evidence.—Record.*—No question can be presented on appeal on the action of the court in overruling a motion for a new trial, where the evidence is not all in the record. *p. 256.*

SAME.—*Evidence.—When Not in Record.—Words and Phrases.*—The word testimony is not synonymous with the word evidence, and a statement in the bill of exceptions that "this was all the testimony given in the cause" is not equivalent to a statement that this was all the evidence given in the cause, and, in such case it cannot be said that the bill shows that the evidence is all in the record. *pp. 256, 257.*

From the Ripley Circuit Court.   *Affirmed.*

*John B. Rebuck* and *Nicholas Cornet*, for appellants.
*Samuel M. Jones* and *Frank S. Jones*, for appellee.

COMSTOCK, J.—Appellee instituted this action against appellants to recover damages for the breach of an executory contract for the conveyance of real estate and sale of drugs, fixtures and medical practice of appellant Reuben H. Miller, who was a practicing physician, and Lizzie Miller, his wife, residing on the premises described in the contract at the village of Cross Plains, Ripley county, Indiana. Appellee was a physician residing near the home of appellants.

The contract is made a part of the complaint as an exhibit. Appellants demurred separately to the complaint, which demurrers were overruled and exceptions duly reserved. The cause was put at issue by general denial and special answers.

No question is raised on any of the pleadings but the amended second paragraph of complaint on which the cause was put at issue and tried, and we need therefore refer only to it. At the request of appellants the jury trying the cause returned a special verdict, upon which both parties moved for judgment. The court overruled that of appellants, sustained that of appellee, and rendered judgment in his favor for $1,000. Appellants' several motions for a *venire de novo* and for a new trial were overruled and exceptions taken. The errors assigned are: (1) The court erred in overruling the separate demurrer of Reuben H. Miller to the amended second paragraph of complaint. (2) In overruling the separate demurrer of appellant Lizzie Miller to the amended second paragraph of complaint. (3) In overruling appellants' motion for a *venire de novo*. (4) In its statements of law. (5) In overruling appellants' motion for judgment on the special verdict of the jury. (6) In overruling the appellants' motion for a new trial. (7) In overruling Reuben H. Miller's motion for a new trial. (8) In overruling Lizzie Miller's motion for a new trial.

The first, third and fourth specifications in the assignment of errors are not discussed and are therefore, under the familiar rule, waived. Under the second specification, appellants' counsel contend that no cause of action is shown against appellant Lizzie Miller. The complaint avers that the plaintiff and defendants entered into the written agreement upon which it is based and which is made a part thereof.

Her name does not appear in the body of the instrument, but her name is signed thereto. She is thus sufficiently connected therewith. Besides a special verdict having been returned even if this allegation was defective, it becomes immaterial. At most it could be only a defective averment, not the entire omission of a fact essential to a cause of action. *Woodward* v. *Mitchell*, 140 Ind. 406; *Western Assurance Co.* v. *McCarty*, 18 Ind. App. 453; *Rau* v. *Ball Bros. Glass Mfg. Co., ante,* 147; *Western Assurance Co.* v. *Koontz*, 17 Ind. App. 54. In addition the jury in answer to a proper interrogatory found that she entered into the contract in suit.

The argument of appellants' counsel in support of the fifth specification of error is chiefly based upon the findings of the special verdict. They contend that each of many of the interrogatories submitted to the jury call for more than one fact; that there are others which state the evidence, and not facts; and still others that call for mere legal conclusions. The objections made apply to some of the interrogatories named, but the record does not disclose that appellants at any time objected or excepted to them. Having failed to do this, it is now too late. An objection to any ruling of the court to be availing must be made in time to give the trial court an opportunity to change its ruling.

The questions sought to be presented by the sixth, seventh and eighth specifications cannot be considered unless the evidence is in the record. Appellee's counsel insist that as it is stated in the bill of exceptions that "this was all the testimony given in the cause" and as there is no statement that "this was all the evidence given in the cause," the evidence is not in the record. As was said by Elliott, J., in *Kleyler* v. *State, ex rel.*, 112 Ind. 146: "The

authorities require us to yield to this contention. The word 'testimony' is not synonymous with the word 'evidence.'" *Harvey* v. *Smith*, 17 Ind. 272; *Brickley* v. *Weghorn*, 71 Ind. 497; *Sessengut* v. *Posey*, 67 Ind. 408, 33 Am. Rep. 98; *Sandford Tool, etc., Co.* v. *Mullen*, 1 Ind. App. 207; *McDonald* v. *Elfes*, 61 Ind. 279; *Gazette Printing Co.* v. *Morss*, 60 Ind 153; *Ingel* v. *Scott*, 86 Ind. 518; *Barley* v. *Dunn*, 85 Ind. 338; *Mattinger* v. *Lake Shore, etc., R. Co.*, 117 Ind. 136; *Ehrisman* v. *Scott*, 5 Ind. App. 596. Admitting that there are interrogatories forming part of the special verdict which the trial court might properly have rejected had timely objection been made, we cannot say in view of the entire verdict, that the trial court erred in its judgment rendered thereon. Judgment affirmed.