---

## BILL OF EXCEPTIONS.

[Circuit Court of Sandusky County.]

FRANK A. KNAPP, TRUSTEE, v. BARBARA SCHERCK.

Decided, 1903.

*The Terms "Testimony" and "Evidence" Not Equivalent—Bill of Exceptions Must Contain All the "Evidence" to Secure a Review of the Case on the Weight of the Evidence.*

The word "testimony" can not be accepted as synonymous with "evidence" in the recital that a bill of exceptions contains all the evidence submitted in the case; and where it appears that documentary matter of any kind was offered at the trial below, a reviewing court will decline to hear the case if it does not affirmatively appear from the bill of exceptions that all the "evidence" is included which was submitted at the hearing below.

PARKER, J.; HAYNES, J., and HULL, J., concur.

This is a proceeding brought to obtain a reversal of an order of the court of common pleas, refusing to discharge an attachment. It is contended that upon the evidence submitted to the court below, it should have discharged the attachment, and that it erred in not doing so.

To present that question, of course, it is necessary for the plaintiff in error to bring up the evidence by a bill of exceptions, and that he has attempted to do.

It is contended by defendant in error that the bill of exceptions does not show that it contains all of the evidence submitted upon the hearing of the motion to discharge the attachment.

The bill of exceptions, after setting forth various affidavits and testimony in other forms which was submitted, contains the following statements:

"And thereupon the defendant rested. The foregoing is all of the testimony that was offered by either party to said action to discharge said attachment."

It is the law generally, throughout the Union, and is settled in this state by a long line of decisions, beginning as far back as *Hurley* v. *State*, 6 Ohio, 399, that where a court of error is asked to set aside an order or judgment of a lower court, upon the ground that it is not sustained by sufficient evidence, or is against the weight of the evidence, the bill of exceptions must set forth affirmatively that it contains all the evidence submitted to the lower court. This must appear expressly, and it must appear from the bill of exceptions. It can not be made to appear otherwise, and therefore the reviewing court is not at liberty to regard statements of counsel or other extraneous evidence, that the bill of exceptions in truth contains all of the evidence submitted to the lower court.

The question presented here is whether a statement that the bill of exceptions contains all the testimony submitted is equivalent to a statement that it contains all the evidence submitted.

Our code does not distinctly define the terms "evidence" and "testimony," and yet there is some language in the code that we think throws a side light upon the question.

Section 5305, Revised Statutes, the sixth clause, provides that a new trial may be granted on the ground, "That the verdict, report or decision is not sustained by sufficient evidence, or is contrary to law."

There the term "evidence" is used as comprehending every form of evidence, every form of admissible information to a court, and includes testimony as well as documentary evidence, exhibits, which may be of a corporal character, and every other thing which may properly give information to the court upon the issues presented.

Chapter 3, Title 1, Division 3, of the code, dealing with "evidence" has various subdivisions; one on the competency of wit-

nesses; one on the means of securing attendance; one on the mode of taking testimony and exceptions to depositions; one on the admission and inspection of documents, and one on variances.

In the special division on the mode of taking testimony, we find this in Section 5261, Revised Statutes:

"The testimony of witnesses may be taken.
"1. By affidavit.
"2. By deposition.
"3. By oral examination."

Section 5262, Revised Statutes, provides that:

"An affidavit is a written declaration under oath made without notice to the adverse party; a deposition is a written declaration under oath, made upon notice to the adverse party; and oral testimony is that delivered from the lips of the witness."

So that the word "testimony," by these two sections and other provisions of the statute, is made to include not only the oral statements of witnesses in court, but the statements of witnesses by way of affidavit or deposition.

The fourth subdivision of the chapter treats of the subject of the admission and inspection of documents in a way to indicate that in the minds of the codifiers documentary evidence would not properly come under the descripion of testimony, and nowhere in the statutes or in the reports do we find such use of the word "testimony" as would include anything but the statements of witnesses either by way of affidavit or deposition or orally.

We are of the opinion that the word "testimony" is a word which does not include documentary evidence, or various forms of evidential matter, such as photographs, etc., which may be introduced as evidence, and which must be made a part of the bill of exceptions, if it is to include all the evidence submitted.

Therefore the statement that the bill of exceptions contains all the testimony submitted, does not necessarily carry with it a statement that it contains all of the evidence submitted.

This bill of exceptions shows that there was oral testimony, and testimony in the form of a deposition, taken upon some

other occasion, but read upon this hearing, and that various affidavits were submitted; that this testimony (for it all comes under the description of "testimony,") was introduced, and was considered by the court, but for aught that appears there may have been a very great deal of other evidence of a very persuasive character, which was considered by the court.

We are not disposed to be technical or to place a hindrance in the way of bringing these cases into this court for review. We have been disposed to be liberal in the consideration and decision of questions presented to us along this line, and yet, in view of the repeated utterances of our Supreme Court upon this question, we do not feel at liberty to hold that a statement that a bill of exceptions contains all the testimony submitted is sufficient.

In *Hall* v. *Reed*, 17 Ohio, 498, in the syllabus the word "testimony," is used as the equivalent of evidence, but that was at a time when the syllabus was not prepared by the court, and in looking into the opinion we find that the court used the word, "evidence."

In *Pittsburg, Ft. W. & C. Ry. Co.* v. *Probst*, 30 Ohio St., 104, the court says that a bill of exceptions must show that it contains all the testimony in the case. In that case, the only question was about the omission of certain testimony. While it is true that it must contain all the testimony, it is equally true that, as said in a great many decisions, it must also contain all the evidence, and we find no decision or no utterance of any court that supports the contention that the statement that it contained all the testimony would be sufficient.

In *Miller* v. *Fuller*, 52 N. E. Rep., 101, decided by appellate court of Indiana, in 1898, a part of the syllabus reads:

"A statement in a bill of exceptions 'that this was all the testimony given in the cause' is defective, 'testimony' and 'evidence' not being synonymous."

And in the opinion the following cases are cited as supporting this holding: *Kleyla* v. *State*, 13 N. E. Rep., 255; *Harvey* v. *Smith*, 17 Ind., 272; *Brickley* v. *Weghorn*, 71 Ind., 497; *Sandford Tool & Fork Co.* v. *Mullen*, 27 N. E. Rep., 448; *McDonald*

v. *Elfes*, 61 Ind., 279; *Gazette Printing Co.* v. *Morss*, 60 Ind., 153; *Ingel* v. *Scott*, 86 Ind., 518; *Ehrisman* v. *Scott*, 32 N. E. Rep., 867.

In *Wyoming, L. & Tr. Co.* v. *Holliday Co.*, 24 Pac. Rep., 193, 194, decided by the Supreme Court of Wyoming in 1890, the syllabus reads in part as follows:

"The sufficiency of the evidence to sustain the finding will not be reviewed on appeal, where the bill of exceptions only purport to contain 'All the testimony offered by either party.'"

And in the opinion this is said:

"Testimony embraces only the declarations of witnesses made under oath or affirmation (Revised Statutes, Wyo., Sections 2609, 2610, Bouvier Law Dict., title 'Testimony,') while 'Evidence, in legal acceptation includes all the means by which any alleged matter of fact, the truth of which is submitted to investigation, is established or disproved' (1 Greenleaf Evidence, Section 1). Testimony is but one of the several instruments of evidence, and can not be considered the equivalent thereof; for evidence embraces not only testimony, but also private writings and public documents." Abbot's Law Dict., title "Testimony"; Thompson Trials, Section 2784; *Central Union Telephone Co.* v. *State*, 12 N. E. Rep., 136.

These cases are in point and sustain the contention of counsel for defendant in error, and the views of this court hereinbefore expressed, and we are cited to and find no authority to the contrary.

Because it does not appear affirmatively in this bill of exceptions that it contains all the evidence submitted upon the hearing, we feel bound to sustain the objection, and we must decline to review the decision of the court below upon the weight of the evidence.

And no error otherwise appearing, the judgment of the court below is affirmed.