## CITY OF SHELBYVILLE *v.* ADAMS.

[No. 22,991. Filed November 10, 1916.]

---

## McMURRAN ET AL. *v.* HANNUM.

[No. 22,402. Filed June 28, 1916. Rehearing denied November 10, 1916.]

1. APPEAL.—*Assignment of Errors.—Matters Assignable.*—That the evidence is insufficient to sustain the verdict is not the subject of independent assignments of error on appeal, such objections being properly raised through a motion for a new trial. p. 328.
2. APPEAL.—*Record.—Consideration of Sufficiency of Evidence.*— The Supreme Court will not consider an assignment of error which requires a decision as to the sufficiency of the evidence to sustain the verdict, unless all the evidence is contained in the record. p. 328.
3. APPEAL.—*Record.—Bill of Exceptions.—Certificate of Court Reporter.*—The certificate of the court reporter, appended to the

McMurran *v.* Hannum—185 Ind. 326.

transcript of the evidence incorporated into a bill of exceptions, that the transcript contained a full and correct report of all the evidence is mere surplusage and constitutes no part of the bill. p. 330.

4. APPEAL.—*Record.*—*Bill of Exceptions Containing Evidence.*— *Certificate of Judge.*—It is essential to a proper presentation of the evidence to obtain a review on appeal as to its sufficiency to sustain the verdict that the bill of exceptions embracing the evidence must contain a statement or certificate of the judge that it contains all the evidence given in the cause.   p. 330.

5. EXCEPTIONS, BILL OF.—*Amendment after Term.*—A court has no power to amend a bill of exceptions by incorporating therein the clause "and this was all the evidence given in the cause," after the close of the term at which such bill was signed and filed.   p. 331.

6. APPEAL.—*Record.*—*Insufficient Bill of Exceptions.*—*Review.*— A bill of exceptions presents no question for review where it is shown by the bill itself that it was not presented for settlement within the time given.   p. 332.

7. APPEAL.—*Review.*—*Sufficiency of Evidence.* — *Transcript.* — *Bill of Exceptions.*—Under §657 Burns 1914, Acts 1897 p. 244, the court reporter's transcript of the evidence must be incorporated in a bill of exceptions to present on appeal the question of the sufficiency of the evidence, or questions arising on the admission or exclusion of evidence.   p. 333.

8. APPEAL.—*Record.*—*Bill of Exceptions.*—*Incorporating Transcript of Evidence.*—To incorporate the court reporter's transcript of the evidence into a bill of exceptions it is necessary that there be a recital therein that the transcript contains the rulings of the court in admitting and rejecting evidence and the objections and exceptions made and taken thereto, and it should conclude with the statement at the end of the evidence, "this was all the evidence given in the cause."   p. 334.

9. APPEAL.—*Review.*—*Admission of Evidence.*—*Waiver of Error by Insufficient Brief.*—Questions arising on alleged erroneous rulings in the admission and rejection of evidence are deemed waived where appellant's brief fails to point out where such rulings may be found in the record.   p. 334.

10. APPEAL.—*Briefs.*—*Statement of Points.*—No question is presented for review where, in that part of appellant's brief devoted to propositions or points, certain instructions are set forth, accompanied by a bare assertion, unsupported by any reason or citation of authorities, that the giving or refusal of such instructions was erroneous.   p. 334.

From Pike Circuit Court; *John L. Bretz,* Judge.

Action by Francis T. McMurran and others against Mattie Hannum. From a judgment for defendant, the plaintiffs appeal. *Affirmed.*

*James T. Walker, Henry B. Walker, Charles N. Brown, Edward Richardson* and *Arthur H. Taylor,* for appellants. .

*G. V. Menzies, James M. House, Lane B. Osborn, David Corn* and *Frank Ely,* for appellee.

Cox, C. J.—This appeal is from a judgment of the lower court ordering a probate of the will of Marshall McMurran, deceased, pursuant to the verdict on issues formed on objections filed to the probate under the provisions of §3153 Burns 1914, §2595 R. S. 1881.

The only error well assigned is the first, which asserts that the trial court erred in overruling appellants' motion for a new trial. The second

1. and third assignments of error, which challenge the sufficiency of the evidence to sustain the verdict, are not proper independent assignments of error. They are matters which must be presented on appeal to this court through the medium of a motion for a new trial. The cause for a new trial on which claims of error to compel a reversal are based are the insufficiency of the evidence in fact and in law to sustain the verdict, the admission of numerous items of evidence over appellants' objection, the exclusion of certain evidence offered by appellants, the giving of instructions by the court, and its refusal to give instructions requested by appellants.

In approaching a consideration of the claims of error so advanced by appellant we are met by contentions in behalf of appellee that neither the record presented to this court nor the briefs for appellants properly present for review any of the rulings asserted to be erroneous. The rule that this court will not consider an assignment of error

2. which requires the determination of the question whether the evidence is sufficient to sustain a verdict or finding unless all of the evidence

given in the cause is brought before the court is so well settled and has been so many times announced that there is no need to cite cases which have declared the rule.

There is in the transcript now before us what was intended to be the court stenographer's report of the evidence given in the cause incorporated into a bill of exceptions. It appears from the record that appellant's motion for a new trial was overruled November 23, 1912, in the November term of the trial court of that year. To this ruling appellants excepted and were given ninety days in which to file a bill of exceptions taken on rulings which were made the basis of their motion for a new trial, the overruling of which motion is assigned as error. This number of days gave them until February 15, 1913, to present their bill for settlement by the trial court. The transcript which was filed in this court May 9, 1913, contains the stenographer's longhand report of the evidence taken by her which closes with a recital, "and this was all the *testimony* introduced in this cause". Following this recital at the close of the report there is a certificate made by the reporter, in substance, that the foregoing contained a full and correct report of all the evidence given in the cause and of all the rulings of the court on the evidence and exceptions taken thereto. There is then appended to this erport the following certificate of the trial judge:

"And now comes the plaintiffs, objectors in the above entitled cause and on the 6th day of February, 1913, tenders and presents to the Honorable John L. Bretz sole judge of the said court this their bill of exceptions and prays that the same may be signed, sealed and made a part of the record.　　　JOHN L. BRETZ, Judge.

and now on this 10th day of March, 1913, this bill of exceptions is signed, sealed and made a part of the record.

JOHN L. BRETZ, Judge."

It is to be observed that neither in what purports to be the bill of exceptions containing the evidence nor in the certificate of the judge does it appear that all the *evidence* given in the cause is included in what was intended for a bill of exceptions. It is true that the stenographer's certificate does contain a statement to that effect, but this certificate is only surplusage and as such it can not be considered. Such a certificate constitutes no part of the bill and adds nothing to it. *Parker* v. *State* (1914), 183 Ind. 130, 108 N. E. 517, and cases there cited; *Wagner* v. *Wagner* (1915), 183 Ind. 528, 109 N. E. 47; *Ehrisman* v. *Scott* (1892), 5 Ind. App. 596, 32 N. E. 867; Ewbank's Manual (2d ed.) §30a. We have then only the recital at the close of the longhand report of the evidence that "this was all the *testimony* introduced in this cause". It has long been the rule that to make a bill of exceptions sufficient to present the question here involved the bill must contain a statement or the certificate of the judge "that it contains all of the evidence given in the cause" or words of equivalent import, and that the use of such a statement as that of the recital found in this one and set out above is insufficient. *Gazette Printing Co.* v. *Morse* (1877), 60 Ind. 153; *Kleyla* v. *State* (1887), 112 Ind. 146, 13 N. E. 255, and cases cited; *Miller* v. *Fuller* (1898), 21 Ind. App. 254, 256, 52 N. E. 101; *Great Council, etc.* v. *Green* (1913), 52 Ind. App. 198, 100 N. E. 472; *Ehrisman* v. *Scott, supra;* Ewbank's Manual (2d ed.) §30a, note 41, and cases there cited. So it appears that

the paper purporting to be a bill of exceptions containing the evidence is not sufficient to require us to consider questions which depend upon all of the evidence. Moreover, it appears from the paper itself, as pointed out by counsel for appellee, that in fact it does not contain certain of the evidence admitted on the trial. All this counsel for appellants concede and that no question arising upon the evidence can be considered from the transcript as it was presented to this court. But it appears by an application for a writ of *certiorari* subsequently filed in this court that appellants applied to the trial court in the September term, 1913, to procure an amendment of the bill of exceptions by supplying the omitted evidence and so as to make the recital read, "this was all the *evidence* given in the cause" by a *nunc pro tunc* entry. It further appears by an auxiliary appeal brought by appellee in the proceeding to amend the bill that the appellee resisted the granting of the relief asked by appellants and that the court ordered the amendment by supplying the omitted evidence but refused to amend the recital in the purported bill by making it read, "this was all the *evidence* given in the cause". On this refusal appellants have assigned cross error in the auxiliary appeal. On this latter question this court has expressly held that a court has no power to amend a bill of exceptions by incorporating therein the clause, "and this was all the evidence given in the cause," after the close of the term at which such bill was signed and filed. *Seig* v. *Long* (1880), 72 Ind. 18.

It also appears from the application for the writ of *certiorari* that the trial court, in September, 1913, made and attached a new certificate to the paper purporting to be a bill of exceptions in the transcript originally presented in this appeal and in-

serted the same as page 1359½, which certificate reads as follows:

"Be it remembered that on the tenth day of March, 1913, and within the time allowed by the court for filing their bill of exceptions, the objectors presented to the court the attached and foregoing longhand manuscript of the shorthand notes incorporated in this, their bill of exceptions, except the seven pages containing a part of the evidence of one Walter J. Lewis, a witness, produced by the objectors, and being designated as pages 814 to 820 inclusive, and except exhibit 9 being a certified copy of the purported marriage certificate of Mary A. Drain to John J. Koerner, and asked that the same be signed, sealed and filed in this cause, which was done believing that it was complete and a true transcript. That with the said omitted items, this day ordered by the court to be made a part of the bill of exceptions herein by a *nunc pro tunc* entry, said bill of exceptions will then be full, true and complete and will contain all the evidence given in said cause and all the offers of the parties made upon the trial thereof and all the rulings of the court thereon, and all the exceptions of the parties to said rulings.

"Given under my hand and seal this 15th day of September, 1913.              JOHN L. BRETZ,
                                        Judge Pike Circuit Court."

And we are asked by appellants to order this certificate made a part of the record on appeal. If it should be conceded that the procedure followed is the proper one, which we do not decide, it could avail appellants nothing; but, on the contrary, it would show that appellants have no bill of exceptions in the record at all. For it will be observed that this last certificate shows that the 6. paper was presented to the court to be settled as a bill of exceptions on March 10, 1913. The record shows, as hereinbefore stated, that

appellants' motion for a new trial was overruled November 23, 1912, and that at that time appellants were given ninety days to present a bill. The tenth day of March is beyond the time granted and the record contains no extension of time. That a bill not presented for settlement within the time given is, of course, not available to present any question is well settled.    §657 Burns 1914, Acts 1897 p. 244; Ewbank's Manual (2d ed.) §31, and cases there cited.    It is evident that the evidence is not before us so as to invoke a determination of its sufficiency to sustain the verdict.

If it were conceded that an original bill of exceptions which does not contain all of the evidence may nevertheless be sufficient to compel a consideration of questions arising on the admission or exclusion of evidence, and made causes for a new trial, the paper before us cannot be deemed sufficient as such a bill to gain for appellants a consideration of the many questions of this character sought to be determined.    It purports to be nothing but the stenographer's report of the evidence followed by the recital, "this was all the testimony introduced in this cause," to which is appended the certificate of the judge first above set out.    The beginning recites the appointment of the stenographer to take the evidence and then proceeds with the evidence.    Neither in the beginning of the intended bill nor elsewhere is found a recital that it contains any rulings on the introduction or rejection of evidence, objections made or exceptions taken. Nor is there any such statement in the judge's certificate.    Under the provisions of §657 Burns 1914, *supra,* the stenographer's report of the evidence, when it is desired to use it to present questions on appeal, must be incorporated in a bill of exceptions to present the question of

the sufficiency of the evidence or questions arising on the rulings on the admission or exclusion of evidence. *Rector* v. *Druley* (1909), 172 Ind. 332, 88 N. E. 602, and cases cited; *Marks* v. *Mariotte* (1912), 51 Ind. App. 281, 99 N. E. 501.

To incorporate the report of the evidence into a bill of exceptions it should begin with a recital, among other things, that it contains the 8. rulings of the court in admitting and rejecting evidence and the objections and exceptions made and taken thereto; and it should conclude with the usual statement at the end of the evidence, "This was all the evidence given in the cause". *Wagoner* v. *Wilson* (1886), 108 Ind. 210, 8 N. E. 925; *Chicago, etc., R. Co.* v. *Wolcott* (1895), 141 Ind. 267, 276, 39 N. E. 451, 50 Am. St. 320; *Jenkins* v. *Wilson* (1895), 140 Ind. 544, 40 N. E. 39; *McCoy* v. *Able* (1892), 131 Ind. 417, 421, 30 N. E. 528, 31 N. E. 453. Moreover, if this were a proper bill of exceptions, saving rulings on evidence, and were such rulings made and exceptions taken, appellant's brief fails to give us any 9. information where, in a transcript of more than 1,300 pages, to discover such rulings. This failure is deemed a waiver of these questions. *Cleveland, etc., R. Co.* v. *Bowen* (1912), 179 Ind. 142, 145, 100 N. E. 465, and cases there cited.

Appellants' motion for a new trial asserts error in giving and refusing to give numerous instructions. None of these instructions are set out in that part of their brief in which the fifth clause of Rule 22 requires a statement of so much of the record as to fully present every error and exception relied on. In that part of their brief devoted to propositions or points, one instruction given by the 10. court is set out and so are several of those which appellant requested the court to give and

which it refused to give. In each instance the instruction is accompanied by the bare assertion of error on the part of the court without reason given or the citation of authority. This would not be sufficient to present any question even were the evidence before us. *Wellington* v. *Reynolds* (1911), 177 Ind. 49, 55, 97 N. E. 155; *Cleveland, etc., R. Co.* v. *Bowen, supra.*

The conclusion reached makes unnecessary a determination of the contention of appellee in the auxiliary appeal that, as appellants had knowledge that the original bill was incomplete when they presented it to the trial court for settlement and secured its approval in that state, they were precluded thereby from asking the amendment. But see *Harris* v. *Tomlinson* (1892), 130 Ind. 426, 431, 30 N. E. 214; Elliott, App. Proc. §825; Ewbank's Manual (2d ed.) §37. No error is made to appear and the judgment is affirmed.

NOTE.—Reported in 113 N. E. 238.